[No. H002869. Sixth Dist. May 25, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
ANDRE KEVIN LEVELL, Defendant and Appellant.

**COUNSEL**

Michael A. Kresser and Dale Dombkowski, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Ronald E. Niver, Catherine A. Rivlin and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**AGLIANO, P. J.**—Defendant was convicted, after a jury trial, of petty theft with a prior, a violation of Penal Code sections 484 and 666.[1] The prior conviction, robbery, had resulted in the service of a state prison term of more than one year. When imposing judgment in the present case, the court sentenced defendant to the upper term of three years for theft and enhanced the sentence by one year for the prior prison term, pursuant to section 667.5, subdivision (b). On appeal, defendant contends that this sentence involves improper multiple punishment since his prior robbery conviction was relied on to increase the theft offense from a misdemeanor to a felony, and his prior prison term resulting from that conviction was relied on to add one year onto his sentence. We do not agree.

### ANALYSIS

#### *The Framework for Review*

■ If defendant is correct in his contentions, the enhancement is invalid. We therefore may entertain the issue even though no objection was made in the trial court. (*People* v. *Loera* (1984) 159 Cal.App.3d 992, 998 [206 Cal.Rptr. 60].)

■ On the substantive point, we must evaluate the present status of a rule prohibiting the dual use of certain facts in the imposition of sentence. The rule in one form was articulated in *People* v. *Edwards* (1976) 18 Cal.3d 796, 800 [135 Cal.Rptr. 411, 557 P.2d 995], as follows: "The [trial] court purported to pronounce judgment in a manner which would have augmented defendant's sentence pursuant to [Penal Code] section 3024, subdivision (c). [Fn. omitted.] The court's reliance on defendant's prior conviction for the dual purpose of augmenting sentence and providing an essential element of the charged offense, however, runs afoul of the established rule that when a prior conviction constitutes an element of criminal conduct which otherwise would be noncriminal, the minimum sentence may not be increased because of the indispensable prior conviction." (See also *People* v. *Wilks* (1978) 21 Cal.3d 460, 470 [146 Cal.Rptr. 364, 578 P.2d 1369] [a judgment is erroneous when "it allows the same priors to be used both as an element of the substantive offense and to enhance punishment for that same offense"]; *People* v. *Perry* (1974) 42 Cal.App.3d 451, 460 [116 Cal.Rptr. 853]; *People* v. *Cruz* (1978) 83 Cal.App.3d 308, 333 [147 Cal.Rptr. 740].)

At the time *Edwards* was decided, section 3024 governed the sentencing procedures for armed and repeat offenders. The statute made no mention of

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

the propriety or impropriety of a dual use of facts for calculating a sentence, but Witkin points out that "the minimum penalties prescribed by P.C. 3024 are not imposed in cases where a deadly weapon is an integral part of the crime." (2 Witkin, Cal. Crimes (1963) § 1001, p. 952.) This view indicated that a person convicted of a crime which, by definition, included use of a deadly weapon would be sentenced in accordance with the statutory scheme provided for that offense, and would not be faced with the presumably lengthier minimum sentences imposed on criminals who were armed under section 3024.

The Legislature enacted section 1170 to establish sentencing procedures under the then-new determinate sentencing law. This section, however, underwent changes even before it became operative. As originally written, section 1170, subdivision (b) contained the following language, dealing with sentence choices: "In no event shall any fact be used twice to determine, aggravate, or enhance a sentence." (Stats. 1976, ch. 1139, § 273, at p. 5141.) But in the Statutes of 1977, chapter 165, section 15, the new enactment was rewritten and the earlier language removed. No longer did section 1170, subdivision (b) prohibit a dual use of facts.

The impact of these legislative changes was noted in *People* v. *Gaines* (1980) 112 Cal.App.3d 508, 516 [169 Cal.Rptr. 381], which observed: "It is doubtful that the holding of those cases [i.e., *Edwards* and *Wilks*] is any longer controlling in view of the more recent enactment of the determinate sentencing law." As pointed out in *People* v. *Bruno* (1987) 191 Cal.App.3d 1102, 1107 [237 Cal.Rptr. 31]: "The few sources of legislative history we have located shed no light on why the proponents of the amendment deleted the prohibition against twice using the same fact to 'determine, aggravate, or enhance a sentence.' It is nevertheless clear that the deletion of this prohibition absolutely precludes a construction of the existing section which would again include the prohibition just as if it had not been eliminated by the Legislature."

The *Edwards* principles were nonetheless adhered to in *People* v. *Ancira* (1985) 164 Cal.App.3d 378, 382 [210 Cal.Rptr. 527], which cited that case as its sole authority for the holding that "Ancira correctly contends that the court improperly imposed a one-year enhancement under Penal Code section 667.5 for the prior burglary conviction that was the basis for the charge of violating Penal Code section 666. The clerk's transcript and the court's comments at the sentencing hearing demonstrate that an enhancement was imposed for the burglary underlying the section 666 violation. This was impermissible."

Although these principles were held factually inapplicable in *People* v. *Holding* (1987) 197 Cal.App.3d 981, 984 [243 Cal.Rptr. 512], the court

said, through dicta, that: "Our Supreme Court decided in *People v. Edwards, supra,* . . . that a prior conviction may not augment a defendant's sentence when the prior conviction is also an element of the charged offense. Applied to petit theft, a prior prison term may not enhance a defendant's sentence when that same prison term is the basis for felony petit theft. [Citing *Ancira.*] The statutory proscription against double punishment for the same act compels this result. (§ 654.)" (See also *People v. Davis* (1985) 169 Cal.App.3d 614, 618 [215 Cal.Rptr. 385]; *People v. Parrott* (1986) 179 Cal.App.3d 1119, 1125 [225 Cal.Rptr. 293].)

While the *Ancira* case may be momentarily persuasive, a closer analysis prompts us to differ with its conclusions. ■ Instead, we find that the more compelling rationale appears in *Bruno,* where defendant was convicted of petty theft with a prior burglary conviction for which he had also served a prison term. He received a prison term for the aggrandized theft, plus a one year enhancement for his having served the prior prison term. Despite defendant's arguments of improper dual use of facts, the court noted as the pivotal factor, the prison sentence served for the prior conviction, distinguishing it from prior convictions of lesser note. "[T]he sentence pronounced properly carried out the policies of both sections 666 and 667.5, imposing a greater punishment on a thief because of his recidivism and additional punishment on a felon whose prior *prison term* failed to deter future criminality." (*People v. Bruno, supra,* 191 Cal.App.3d at p. 1107, italics added.)

Similarly, *Gaines* presented the question whether a defendant convicted of being a felon in possession of a concealable weapon (§ 12021) was subject to an enhanced sentence (under § 667.5, subd. (b)) for having served a prior prison term. The defendant there had argued that since his felony convictions had been used as an element of the substantive offense with which he was charged, the prison terms resulting from those convictions could not be used to enhance his sentence. Not so, said the court. "In this instance, we conclude that the Legislature well knew what it was doing when it employed the phrase 'prior separate prison term served,' rather than 'prior felony conviction,' in section 667.5, subdivision (b). We agree with the Attorney General that a prohibited double use of the same fact does not occur in a situation where a prior felony conviction is used as an essential element of a section 12021 charge and the prison sentence served for such prior felony is also used to enhance the defendant's sentence." (*People v. Gaines, supra,* 112 Cal.App.3d at p. 517; see also *People v. Faught* (1981) 124 Cal.App.3d 848, 859 [177 Cal.Rptr. 637].)

Here, defendant was convicted of a crime falling under section 666. Before the provisions of that section may be invoked, a defendant must have

previously been convicted of petty theft, grand theft, auto theft, burglary, or robbery, which are crimes with varying degrees of seriousness. He also must have served a term in "any penal institution," a condition which is satisfied by a brief jail stay. "Anyone who is arrested for petty theft, booked and released immediately following completion of booking, whether by posting bail or on his own recognizance, is deemed to have served one day in custody. Such person, although able to afford bail, is considered to have served one day in a penal institution, and therefore comes within section 666." (*People* v. *Valenzuela* (1981) 116 Cal.App.3d 798, 809 [172 Cal.Rptr. 284].)

The statutory focus on a "prison term served" as the basis for an enhancement under section 667.5, subdivision (b), indicates the special significance which the Legislature has attached to incarceration in our most restrictive penal institutions.

Given this assortment of blameworthy factors, the Legislature could reasonably conclude that different punishment is appropriate for a prior conviction involving a prison term than one with a lesser degree of confinement. While neither defendant has learned his lesson, the recidivist who had served a prison term is reasonably deemed deserving of greater punishment. (Cf. *People* v. *Miller* (1977) 18 Cal.3d 873, 885 [135 Cal.Rptr. 654, 558 P.2d 552] [the purpose of section 654 is to insure that defendant's punishment will be commensurate with his criminal liability].) Accordingly, we hold that defendant was properly sentenced for having committed a felony violation of sections 484 and 666, and that his sentence was properly enhanced by one year under section 667.5, subdivision (b), for his prior prison term.

Judgment affirmed.

Brauer, J., and Capaccioli, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 18, 1988. Mosk, J., was of the opinion that the petition should be granted.