[No. D013262. Fourth Dist., Div. One. Mar. 25, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL EDWARD PRICE, Defendant and Appellant.

**[Opinion certified for partial publication.¹]**

¹Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts III and IV.

1274

COUNSEL

Dennis L. Cava, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Pat Zaharopoulos and Sara Gros-Cloren, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WIENER, Acting P. J.**—Defendant Michael Edward Price appeals from the judgment entered on the jury verdict convicting him of residential burglary (Pen. Code, §§ 459, 460)[2] , his guilty plea to petit theft with a prior (§§ 484, 666) and the court's determination he had previously been convicted of three serious felonies pursuant to section 667, subdivision (a). Price claims the court applied an incorrect standard in denying his motion for new trial and made sentencing errors. He therefore asks us to strike one five-year enhancement and remand for resentencing. We reject these contentions and affirm the judgment.

I

NEW TRIAL MOTION

Price's conviction of first degree burglary was based primarily on Edward Koperda's testimony. Koperda testified he recognized Price leaving the

---

[2]All statutory references are to the Penal Code unless otherwise specified.

apartment of Collette Pack carrying "a ghetto blaster." The testimony of a single witness, here, Koperda's, is sufficient to support Price's burglary conviction. Nonetheless because of the alleged weakness in the prosecution's case, Price challenges the court's denial of his new trial motion directing us to the court's statement made at the time of its ruling:

"Okay. And, counsel, I did read and consider the points and authorities, and I didn't take it lightly, but I respectfully deny the request for a new trial. I think the evidence was sufficient, and *I think that the jury—there was enough evidence there for the jury to do what the jury did . . .*" (Italics added.)

Based on the foregoing highlighted statements Price argues the record strongly suggests the court "did not give [him] a second decision on the weight of the evidence." He therefore claims he is entitled to a further hearing on his new trial motion.

Price correctly explains that in ruling on a motion for a new trial the trial court must independently weigh the evidence (*People* v. *Serrato* (1973) 9 Cal.3d 753, 761 [109 Cal.Rptr. 65, 512 P.2d 289]; overruled on other grounds in *People* v. *Fosselman* (1983) 33 Cal.3d 572 [189 Cal.Rptr. 855, 659 P.2d 1144].) An unsuccessful litigant is first entitled to a decision by the jury and then independently by the judge who must consider the sufficiency of the evidence, weigh the conflicts and inconsistencies and evaluate the credibility of witnesses. In making this determination the court must use its own judgment and cannot rely on the jury's conclusions. (*People* v. *Navarro* (1946) 74 Cal.App.2d 544, 554 [169 P.2d 265].)

Because of the trial court's unique position to perform these duties an appellate court will not set aside such rulings except where it clearly appears the trial court abused its broad discretion. (*People* v. *Sarazzawski* (1945) 27 Cal.2d 7, 16 [161 P.2d 934].) We conclude here the court applied the correct test.

The court first denied the request for new trial, and then said, "I think the evidence was sufficient." Only after making this statement did the court say "there is enough evidence there for the jury to do what the jury did . . ." In other words the court's exercise of its independent judgment is reflected in its statement that the evidence was sufficient. The court's further comment there was substantial evidence to support the jury's determination is surplusage.

The principles underlying the granting or denying of a new trial motion are not arcane. Lawyers and judges are well aware there is no more awesome power than that of the trial court in determining whether to grant or deny a new trial motion. In a jury trial it is the only time the court must exercise independent judgment in weighing the evidence. Here the court's burden was unusually heavy since the theft of the ghetto blaster, not a particularly egregious crime in the abstract, necessarily triggered a substantial prison sentence in light of the three 5-year enhancements required by section 667 subdivision (a). Although it would have been preferable for the court to have been more specific, stating it was denying the motion based on its independent weighing of the evidence, its failure to do so and its use of less than artful language cannot be equated with having applied the wrong standard. We therefore reject Price's argument.

## II

### SENTENCING ERRORS

#### THE COURT DID NOT ERR IN IMPOSING A FIVE-YEAR ENHANCEMENT UNDER SECTION 667, SUBDIVISION (a) FOR THE PRIOR ROBBERY CONVICTION

On October 27, 1989, a security guard at a K-mart store saw Price take $17 worth of cigarettes without paying for them. Price admitted the theft to the arresting officer. The information in this case charged Price with petit theft under section 484 and having been previously convicted of robbery and having served a term therefor in a penal institution within the meaning of section 666.[3] Price pled guilty to this charge and the court sentenced him to an eight-month subordinate term for this offense.[4] The same robbery conviction also resulted in a five year enhancement under section 667, subdivision (a). ■ Price contends that punishing him twice for the identical robbery conviction is unlawful and we should strike the enhancement based on the robbery.

Price rests his argument on two California Supreme Court decisions, *People* v. *Edwards* (1976) 18 Cal.3d 796 [135 Cal.Rptr. 411, 557 P.2d 995],

---

[3]Section 666 provides in part:
"Every person who, having been convicted of . . . robbery, . . . and having served a term therefor in any penal institution, . . . is subsequently convicted of petit theft . . . is punishable [on such conviction] by imprisonment in the county jail not exceeding one year, or in the state prison."

[4]Price's total sentence was 19 years, 8 months.

and *People* v. *Wilks* (1978) 21 Cal.3d 460 [146 Cal.Rptr. 364, 578 P.2d 1369], each of which held a sentence is improper where it allows the same prior to be used both as an element of the substantive offense and to enhance punishment for that offense. (*Edwards* at p. 800; *Wilks* at p. 470.) More specifically Price directs us to the following statement in *People* v. *Ancira* (1985) 164 Cal.App.3d 378, 382 [210 Cal.Rptr. 527]: "Ancira correctly contends that the court improperly imposed a one-year enhancement under Penal Code section 667.5 for the prior burglary conviction that was the basis for the charge of violating Penal Code section 666. The clerk's transcript and the court's comments at the sentencing hearing demonstrate that an enhancement was imposed for the burglary underlying the section 666 violation. This was impermissible. [Citation.]"

Price asserts "the Supreme Court's decisions in *Edwards* and *Wilks* comport with the fundamental principle, that a defendant not be punished more than once for the same act, which is embodied in section 654 of the Penal Code."

Initially we reject Price's suggestion that section 654 applies to this case. Section 654 provides in part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one . . . ." This provision by its terms refers to an act or omission, here, the act of committing robbery. In this case Price's conduct in committing the earlier robbery is not in issue. Rather it is his *status* as having been convicted of that offense on an earlier occasion which triggers application of section 666 as it relates to the petit theft and section 667, subdivision (a) as it relates to his conviction of residential burglary, a serious felony. Section 654 is inapplicable.

In reaching this conclusion we wish to emphasize we do not accept the Attorney General's assertion that section 654 does not apply to enhancements. We have expressly held to the contrary stating "it is now well-accepted that section 654 applies to enhancements. [Citations.]" (*People* v. *Dobson* (1988) 205 Cal.App.3d 496, 501 [252 Cal.Rptr. 423], citing cases in accord and contra.)

On the merits of the argument Price concedes *People* v. *Rodriguez* (1988) 206 Cal.App.3d 517 [253 Cal.Rptr. 633]; *People* v. *Levell* (1988) 201 Cal.App.3d 749, 753 [247 Cal.Rptr. 489]; and *People* v. *Bruno* (1987) 191 Cal.App.3d 1102, 1107 [237 Cal.Rptr. 31], sharply disagree with *People* v. *Ancira, supra,* 164 Cal.App.3d 378. Nonetheless, regardless of these cases he insists *Ancira*'s decision is sound and we must reject *Rodriguez, Levell* and

*Bruno* because they conflict with the principles expressed in *Edwards* and *Wilks*.

The difficulty we have with this argument is that Price fails to dispute the categorical statements in *Bruno* and *Levell* which explain that *Edwards* was based on a penal provision which prevented the dual use of a fact to both determine the sentence and enhance it. (*Bruno, supra,* 191 Cal.App.3d at p. 1106.) The Legislature's deletion of this provision prompted *Bruno* to state: "[i]t is nevertheless clear that the deletion of this prohibition absolutely precludes a [statutory] construction of the existing section which would again include the prohibition just as if it had not been eliminated by the Legislature. [Citation.] Consequently, neither *Edwards* nor its progeny, *Ancira,* is authority for prohibiting an enhancement under section 667.5 based upon the same prior felony conviction as constitutes the underlying conviction for a section 666 charge." (*Id.* at p. 1107.) We therefore reject Price's assertion that *Ancira* is persuasive precedent because of the governing principles expressed in *Edwards* and *Wilks.* To the contrary we conclude the analysis in *Bruno* and *Levell* is more persuasive and accordingly our decision here will be governed by those cases.

Clearly the Legislature could determine an offender who committed petit theft having previously been convicted of a robbery and having served a term therefor in a penal institution deserved greater punishment then the offender committing petit theft without having been convicted of an earlier crime and incarcerated for that crime. Generally, greater punishment for the recidivist is consistent with the principles governing our criminal justice system. In addition the Legislature also had the power to prescribe greater punishment for an offender who committed a serious felony having previously been convicted of a serious felony. These different but related penal objectives requiring the repeat offender to be incarcerated for additional periods of time are clearly constitutional and are not violative of any penal statute. We therefore hold the court could properly impose an eight-month subordinate term for the petit theft with a prior and an additional five years for the robbery enhancement under section 667 subdivision (a).

III, IV*

. . . . . . . . . . . . . . . . . . . . . . . .

*See footnote 1, *ante,* page 1272.

## DISPOSITION

Judgment affirmed.

Benke, J., and Froehlich, J., concurred.

A petition for a rehearing was denied April 23, 1992, and appellant's petition for review by the Supreme Court was denied June 10, 1992.