Filed 6/29/16  P. v. Nichols CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ERIC LAVELLE NICHOLS,<br><br>    Defendant and Appellant. | F071609<br><br>(Kern Super. Ct. No. BF132222A)<br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Clara M. Levers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Gomes, Acting P.J., Poochigian, J. and Smith, J.

Defendant Eric Nichols contends a prior felony conviction reduced to a misdemeanor pursuant to Proposition 47 (Pen. Code, § 1170.18)[1] may no longer form the basis for a prior prison term allegation under section 667.5, subdivision (b), and thus we should strike three of his prior prison term enhancements.  We affirm.

## PROCEDURAL SUMMARY

On March 28, 2011, defendant was convicted of driving in willful or wanton disregard for safety of persons or property while fleeing from a pursuing police officer (Veh. Code, § 2800.2).  The trial court sentenced defendant to 10 years in prison:  three years doubled pursuant to the Three Strikes law, plus four years for four prior prison term enhancements (§ 667.5, subd. (b)).

On February 19, 2015, the trial court granted defendant's Proposition 47 petition for resentencing, reducing three of the four felonies underlying the prior prison term allegations to misdemeanors.

On April 27, 2015, defendant moved the trial court to strike the three prior prison term enhancements on the ground that the felonies underlying them had been reduced to misdemeanors.  The court denied the motion.

On May 6, 2015, defendant filed a notice of appeal.

## DISCUSSION

On November 4, 2014, California voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, and it went into effect the next day.  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)  "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)."  (*Id.* at p. 1091.)

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

"Proposition 47 also created a new resentencing provision:  section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47.  (§ 1170.18, subd. (a).)  A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be 'resentenced to a misdemeanor … unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.'  (§ 1170.18, subd. (b).)  Subdivision (c) of section 1170.18 defines the term 'unreasonable risk of danger to public safety,' and subdivision (b) of the statute lists factors the court must consider in determining 'whether a new sentence would result in an unreasonable risk of danger to public safety.'  (§ 1170.18, subds. (b), (c).)"  (*People v. Rivera, supra,* 233 Cal.App.4th at p. 1092.)

As noted above, on February 19, 2015, the trial court granted defendant's Proposition 47 petition and reduced to misdemeanors three prior convictions upon which the prior prison term allegations were based.  Defendant contends the prior convictions are now misdemeanors for all purposes and may no longer support prior prison term allegations under section 667.5, subdivision (b).  We disagree.[2]

Subdivision (k) of section 1170.18, provides in pertinent part:  "Any felony conviction that is … designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or

---

[2]     We note that several cases addressing this issue have been granted review.  (E.g., *People v. Williams* (2016) 245 Cal.App.4th 458, review granted May 11, 2016, S233539; *People v. Carrea* (2016) 244 Cal.App.4th 966, review granted April 27, 2016, S233011; *People v. Ruff* (2016) 244 Cal.App.4th 935, review granted May 11, 2016, S233201; *People v. Valenzuela* (2016) 244 Cal.App.4th 692, review granted March 30, 2016, S232900.)

prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6."

In *People v. Park* (2013) 56 Cal.4th 782 (*Park*), the defendant's sentence for his current crimes was enhanced by five years under section 667, subdivision (a), based on his prior conviction of a serious felony. *Prior to* the defendant's commission of his current crimes, however, the trial court reduced the prior offense to a misdemeanor under section 17, subdivision (b)(3), and then dismissed it pursuant to section 1203.4, subdivision (a)(1). (*Park, supra,* 56 Cal.4th at p. 787.)

Section 17, subdivision (b)(3) states in part: "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail …, it is a misdemeanor for all purposes … [¶] … [¶] … [w]hen the court grants probation to a defendant without imposition of sentence and at the time of granting probation … declares the offense to be a misdemeanor."

In *Park,* the Court of Appeal concluded the conviction remained a prior serious felony for purposes of sentence enhancement under section 667, subdivision (a), but the California Supreme Court disagreed: "[W]hen the court in the *prior proceeding* properly exercised its discretion by reducing the … conviction to a misdemeanor, that offense no longer qualified as a prior serious *felony* within the meaning of section 667, subdivision (a), and could not be used, under that provision, to enhance defendant's sentence." (*Park, supra,* 56 Cal.4th at p. 787, first italics added.)

Defendant's reliance on *Park* is misplaced. In *Park,* the reduction and dismissal occurred prior to the defendant's commission of his current crimes. (*Park, supra,* 56 Cal.4th at p. 787.) Here, the reduction to a misdemeanor pursuant to section 1170.18, subdivision (f), occurred *after* defendant's commission, conviction, and sentence for his current crimes. In *Park,* in response to an argument that *People v. Feyrer* (2010) 48 Cal.4th 426 and *People v. Banks* (1959) 53 Cal.2d 370 were contrary to its conclusion, the court stated: "There is no dispute that, under the rule in those cases, defendant would

4.

be subject to the section 667[, subdivision ](a) enhancement had he committed and been convicted of the present crimes before the court reduced the earlier offense to a misdemeanor." (*Park, supra,* 56 Cal.4th at p. 802.)

The issue before us is not whether defendant's prior convictions and prison commitments can now be used to enhance a future sentence pursuant to section 667.5, subdivision (b), should defendant commit a new felony upon release from prison on his current sentence. The issue is whether defendant's current sentence, enhanced pursuant to section 667.5, subdivision (b), must now be altered because, *subsequent to* defendant's sentencing, the convictions that gave rise to those enhancements were reduced to misdemeanors pursuant to section 1170.18, subdivision (f). In other words, does Proposition 47 operate retroactively? To make that determination, we look to the language of section 1170.18 and to voter intent.

Section 3 specifies that no part of the Penal Code "is retroactive, unless expressly so declared." This language "erects a strong presumption of prospective operation, codifying the principle that, 'in the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature [or electorate] … must have intended a retroactive application.' [Citations.] Accordingly, ' "a statute that is ambiguous with respect to retroactive application is construed ... to be unambiguously prospective." ' " (*People v. Brown* (2012) 54 Cal.4th 314, 324.)

An "important, contextually specific qualification" to the prospective-only presumption regarding statutory amendments was set forth in *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*). (*People v. Brown, supra,* 54 Cal.4th at p. 323.) That qualification is: "When the Legislature [or electorate] has amended a statute to reduce the punishment for a particular criminal offense, we will assume, absent evidence to the contrary, that the Legislature [or electorate] intended the amended statute to apply to all defendants whose

5.

judgments are not yet final on the statute's operative date. [Citation.]" (*Ibid.*, fn. omitted.)

Although *Estrada*'s language is broad, the California Supreme Court has emphasized the rule's narrowness (*People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1196, abrogated on another ground in *People v. Rangel* (2016) 62 Cal.4th 1192, 1215-1217): "*Estrada* is today properly understood, not as weakening or modifying the default rule of prospective operation codified in section 3, but rather as informing the rule's application in a specific context by articulating the reasonable presumption that a legislative [or voter] act mitigating the punishment for a particular criminal offense is intended to apply to all nonfinal judgments. (*People v. Brown, supra,* 54 Cal.4th at p. 324.)"

The question of retroactivity is ultimately one of legislative—or, in this case, voter—intent. (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 312-313; see *People v. Nasalga* (1996) 12 Cal.4th 784, 793.) "To resolve this very specific retroactivity question, we apply the well-settled rules governing interpretation of voter intent[.]" (*People v. Shabazz, supra,* 237 Cal.App.4th at p. 313.) " 'In interpreting a voter initiative …, we apply the same principles that govern statutory construction. [Citation.] Thus, … "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.] … The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. [Citation.] … When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." '[Citation.]' [Citation.] [¶] In other words, our 'task is simply to interpret and apply the initiative's language so as to effectuate the electorate's intent.' " (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 900-901.)

Proposition 47 clearly was intended to lessen punishment for "nonserious, nonviolent crimes like petty theft and drug possession" (Voter Information Guide, Gen.

Elec. (Nov. 4, 2014) text of Prop. 47, § 3, subd. (3), p. 70),[3] in order "to ensure that prison spending is focused on violent and serious offenses .…" (Voter Information Guide, Gen. Elec., *supra,* text of Prop. 47, § 2, p. 70). This purpose was conveyed to voters, both in the text of the then-proposed law and in the arguments supporting Proposition 47. (Voter Information Guide, Gen. Elec., *supra,* argument in favor of Prop. 47, p. 38; *id*. rebuttal to argument against Prop. 47, p. 39; *id*. text of Prop. 47, §§ 2, 3, p. 70.)

Nowhere, however, does Proposition 47 or the ballot materials refer to section 667.5, subdivision (b) or mention recidivist enhancements, and Proposition 47 made no amendments to any such provisions. Two of Proposition 47's expressly stated purposes, however, are to "[a]uthorize *consideration* of resentencing for anyone who is currently serving a sentence for any of the offenses" that would be made misdemeanors by Proposition 47, and to "[r]equire a thorough review of criminal history and risk assessment of any individuals before resentencing to ensure that they do not pose a risk to public safety." (Voter Information Guide, Gen. Elec., *supra,* text of Prop. 47, § 3, subds. (4), (5), p. 70, italics added.) Voters were assured Proposition 47 would keep dangerous criminals locked up (Voter Information Guide, Gen. Elec., *supra,* argument in favor of Prop. 47, p. 38), and that it would not require automatic release of anyone: "There is no automatic release. [Proposition 47] includes strict protections to protect public safety and make sure rapists, murderers, molesters and the most dangerous criminals cannot benefit." (*Id*. rebuttal to argument against Prop. 47, p. 39.)

"Imposition of a sentence enhancement under … section 667.5 requires proof that the defendant: (1) was previously convicted of a felony; (2) was imprisoned as a result of that conviction; (3) completed that term of imprisonment; and (4) did not remain free for

---

**3** The voter information guide can be accessed at <http://vigarchive.sos.ca.gov/2014/general/en/pdf/> [as of June 1, 2016].

7.

five years of both prison custody and the commission of a new offense resulting in a felony conviction." (*People v. Tenner* (1993) 6 Cal.4th 559, 563.)[4] "Sentence enhancements for prior prison terms are based *on the defendant's status as a recidivist, and not on the underlying criminal conduct,* or the act or omission, giving rise to the current conviction." (*People v. Gokey* (1998) 62 Cal.App.4th 932, 936, italics added; see *People v. Coronado* (1995) 12 Cal.4th 145, 158-159; *People v. Dutton* (1937) 9 Cal.2d 505, 507.) Thus, the purpose of an enhancement under section 667.5, subdivision (b) "is 'to punish individuals' who have shown that they are ' "hardened criminal[s] who [are] undeterred by the fear of prison." ' " (*In re Preston* (2009) 176 Cal.App.4th 1109, 1115.) The enhancement's focus on the service of a prison term "indicates the special significance which the Legislature has attached to incarceration in our most restrictive penal institutions." (*People v. Levell* (1988) 201 Cal.App.3d 749, 754.)

A person who refuses to reform even after serving time in prison is clearly and significantly more dangerous than someone who merely possesses drugs for personal use or shoplifts. We cannot conclude, from the language of Proposition 47 or the ballot materials, that voters deemed such persons to be nonserious, nondangerous offenders, and

---

[4] Section 667.5, subdivision (b) currently provides: "Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended for any felony; provided that no additional term shall be imposed under this subdivision for any prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody or the imposition of a term of jail custody imposed under subdivision (h) of Section 1170 or any felony sentence that is not suspended. A term imposed under the provisions of paragraph (5) of subdivision (h) of Section 1170, wherein a portion of the term is suspended by the court to allow mandatory supervision, shall qualify as a prior county jail term for the purposes of the one-year enhancement."

so intended Proposition 47 to reach back to ancillary consequences such as enhancements resulting from recidivism considered serious enough to warrant additional punishment. Accordingly, section 3's default rule or prospective operation, and not *Estrada*'s narrow rule of retroactivity, applies.

*People v. Flores* (1979) 92 Cal.App.3d 461 (*Flores*) does not lead to a different result. In that case, the defendant was convicted in 1966 for possessing marijuana. In 1977, he sold heroin. His sentence for the 1977 offense was enhanced by one year, pursuant to section 667.5, because of his 1966 conviction. (*Flores, supra,* at pp. 464, 470.) On appeal, the defendant claimed the enhancement was improper under *Estrada,* because Health and Safety Code section 11357 was amended in 1975 to make possession of marijuana a misdemeanor. (*Flores, supra,* at p. 470.) Agreeing with the defendant, the appellate court stated:

> "The amendatory act imposing the lighter sentence for possession of marijuana can obviously be applied constitutionally to prevent the enhancement of a new sentence by reason of a prior conviction of possession. Moreover, in the case at bench we are not confronted by legislative silence with respect to its purpose regarding penalties for possession of marijuana.

> "Effective January 1, 1976, Health and Safety Code section 11361.5, subdivision (b) was enacted to authorize the superior court, on petition, to order the destruction of all records of arrests and convictions for possession of marijuana, held by any court or state or local agency and occurring prior to January 1, 1976. [Citation.] In 1976, [Health and Safety Code] section 11361.7 was added to provide in pertinent part that: '(a) Any record subject to destruction … pursuant to Section 11361.5, or more than two years of age, or a record of a conviction for an offense specified in subdivision (a) or (b) of Section 11361.5 which became final more than two years previously, *shall not be considered to be accurate, relevant, timely, or complete for any purposes by any agency or person*…. (b) No public agency shall alter, amend, assess, condition, deny, limit, postpone, qualify, revoke, surcharge, or suspend any certificate, franchise, incident, interest, license, opportunity, permit, privilege, right, or title of any person because of an arrest or conviction for an offense specified in subdivision (a) or (b) of Section 11361.5 … on or after the date the records … are required to be

9.

destroyed … or two years from the date of such conviction … with respect to … convictions occurring prior to January 1, 1976 ….' [Citation.]" (*Flores, supra,* 92 Cal.App.3d at pp. 471-472.)

The appellate court concluded the statutory language was clear and unambiguous. (*Flores, supra,* 92 Cal.App.3d at p. 472.) The court stated: "In view of the express language of the statute and the obvious legislative purpose, it would be unreasonable to hold that the Legislature intended that one who had already served a felony sentence for possession of marijuana should be subjected to the additional criminal sanction of sentence enhancement." (*Id.* at p. 473.) The court concluded the new laws constituted "a legislative declaration that the old laws were too severe for the quantum of guilt involved" (*ibid.*), and distinguished a situation in which the California Supreme Court refused to give retroactive effect to an amendment to section 17 (*Flores, supra,* at p. 473) in part because "[t]here was no suggestion there, as there is here, that the Legislature intended retroactive application" (*Id.* at p. 474).

In *Flores,* as in *Park,* and in contrast to the present case, the current offense was committed *after* the earlier offense was reduced to a misdemeanor. Moreover, Proposition 47 contains no clear expression with respect to retroactivity as was found in *Flores.* The closest it gets is the statement, in subdivision (k) of section 1170.18, that "[a]ny felony conviction that is … designated as a misdemeanor under subdivision (g) shall be considered *a misdemeanor for all purposes,* except [specified firearm laws]." (Italics added.)

This language, the italicized portion of which is identical to that contained in section 17, subdivision (b), is not necessarily conclusive, however. (*Park, supra,* 56 Cal.4th at pp. 793.) It has not been read to mean a defendant could avoid an imposed sentence enhancement in his current sentence by having the prior offense subsequently reduced to a misdemeanor. (*Id.* at p. 802.) Nothing in the language of Proposition 47 or the ballot materials indicates an intention to override the operation of section 667.5, subdivision (b), at least retroactively.

Defendant served a prison term for the prior conviction at a time the offense was a felony. It is the service of that prison term, coupled with defendant's continuing recidivism, that section 667.5, subdivision (b) punishes. Absent a clear statement of the electorate's intent to the contrary—which we do not find—we conclude that, because defendant served a prison term for petty theft with a prior theft at a time when the offense was a felony, and had his current sentence enhanced accordingly *before* the conviction was reduced, he is not entitled to relief.

This conclusion does not render surplusage the "for all purposes" language of section 1170.18, subdivision (k). Our determination is one of the electorate's intent. "Rules such as those directing courts to avoid interpreting legislative enactments as surplusage are mere guides and will not be used to defeat legislative intent." (*People v. Cruz* (1996) 13 Cal.4th 764, 782.) Moreover, "ambiguities are not interpreted in the defendant's favor if such an interpretation would provide an absurd result, or a result inconsistent with apparent legislative intent." (*Id.* at p. 783.)

Nor does our conclusion violate principles of equal protection. " 'The concept of equal protection recognizes that persons who are similarly situated with respect to a law's legitimate purposes must be treated equally. [Citation.] Accordingly, " '[t]he first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' " [Citation.] "This initial inquiry is not whether persons are similarly situated for all purposes, but 'whether they are similarly situated for purposes of the law challenged.' " ' " (*People v. Losa* (2014) 232 Cal.App.4th 789, 792-793.)

Defendant fails to convince us someone who served a prison term for a felony and had his or her subsequent sentence enhanced therefor while the prior offense was a felony, is similarly situated to someone whose prior conviction was reduced to a

misdemeanor before it was used to enhance his or her current sentence.**5**  In any event, it is settled that "[t]he right to equal protection of the law generally does not prevent the state from setting a starting point for a change in the law.  '[T]he Fourteenth Amendment does not forbid statutes and statutory changes to have a beginning and thus to discriminate between the rights of an earlier and later time.'  [Citation.]  The same rule applies to changes in sentencing law that benefit defendants."  (*People v. Lynch* (2012) 209 Cal.App.4th 353, 359.)

## DISPOSITION

The judgment is affirmed.

---

**5**　Were we to find the two were similarly situated, we would conclude the applicable rational relationship test was satisfied.  (See *People v. Yearwood* (2013) 213 Cal.App.4th 161, 178-179.)

12.