[Crim. No. 13911. Third Dist. Apr. 15, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
LAVERN PARROTT, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of FACTS and parts I-b, III, IV and VI.

**COUNSEL**

Steven E. Cohen, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and James T. McNally, Deputy Attorney General, for Plaintiff and Respondent.

---

## OPINION

**BACKUS, J.**\*—Pursuant to a plea bargain, defendant pleaded guilty to one count of selling marijuana to a minor (Health & Saf. Code, § 11361)[1] and one count of possession of marijuana for sale. (§ 11359.) He appealed from the judgment sentencing him to four years in state prison. We remanded the matter for resentencing based on the trial court's failure to state reasons for denying probation. The trial court again denied probation, sentencing defendant to prison for an aggregate term of four years, consisting of the midterm of four years for violation of section 11361 and a two-year concurrent term for the section 11359 violation. Defendant now challenges the reasons relied on by the trial court to support the denial of probation. He also claims the court erroneously imposed the middle term for the section 11361 violation. We will affirm.

### FACTS†

. . . . . . . . . . . . . . . . . . . . .

### DISCUSSION

Upon remand from this court, a second sentencing hearing was held. At the conclusion of that hearing, the trial court stated that it was denying probation because (1) the "crime was carried out in a manner that demonstrated criminal sophistication of [*sic*] professionalism" in that defendant "was keeping an accurate record currently of what he was selling, who he was selling it to, how much he was selling it for, and what he was getting for it" and "he was packaging the matter ahead of time" (Cal. Rules of Court, rule 414(c)(7));[3] (2) the victim was vulnerable because he was a minor (rule 414(c)(2)); (3) defendant lacks remorse (rule 414(d)(9); and (4) defendant's record demonstrates increasingly serious criminal conduct. (rule 414(d)(1).) Defendant makes numerous challenges to these statements

---

\*Assigned by the Chairperson of the Judicial Council.

[1] All further statutory references are to the Health and Safety Code unless otherwise indicated.

†See footnote, *ante,* page 1119.

[3] All further references to rules are to California Rules of Court.

in support of the denial of probation. He also claims the court erroneously imposed the middle term on the section 11361 violation. We will address each of defendant's contentions in turn.

I

Defendant first challenges the finding of criminal sophistication and professionalism. This finding was based on evidence presented at the sentencing hearing to demonstrate that defendant kept ledgers of his marijuana sales. The district attorney introduced two pieces of paper containing handwritten columns of numbers and other abbreviations. In addition, the district attorney called an officer as a witness to testify about the significance of the lists. Defendant makes two challenges to this evidence.

■ a.) Defendant alleges the court erroneously denied him the opportunity to make a common law motion at the sentencing hearing to suppress the ledgers as the fruit of an unlawful search.[4] We reject defendant's claim that the sentencing court should have entertained his suppression motion following his plea of guilty. "A guilty plea . . . concedes that the prosecution possesses legally admissible evidence sufficient to prove defendant's guilt beyond a reasonable doubt. Accordingly, a plea of guilty waives any right to raise questions regarding the evidence, including its sufficiency or admissibility, and this is true whether or not the subsequent claim of evidentiary error is founded on constitutional violations. [Citation.] ■ By pleading guilty a defendant 'waive[s] any right to question how evidence had been obtained just as fully and effectively as he waive[s] any right to have his conviction reviewed on the merits.' (*People* v. *Gannaro* (1963) 216 Cal.App.2d 25, 29-30 [30 Cal.Rptr. 711].)" (*People* v. *Turner* (1985) 171 Cal.App.3d 116, 125-126 [214 Cal.Rptr. 572]; see also *People* v. *Martin* (1973) 9 Cal.3d 687, 693-694 [108 Cal.Rptr. 809, 511 P.2d 1161]; *In re Hawley* (1967) 67 Cal.2d 824, 828 [63 Cal.Rptr. 831, 433 P.2d 919].) An exception to the waiver exists, however, if the issue is statutorily preserved for appeal. (See *People* v. *De Vaughn* (1977) 18 Cal.3d 889, 896, fn. 6 [135 Cal.Rptr. 786, 558 P.2d 872]; *People* v. *Turner, supra,* at p. 125, fn. 7.) Penal Code section 1538.5, subdivision (m) provides that review of the validity of a search or seizure may be sought on appeal after a guilty plea. That section allows for such appellate review only if "at some stage of the

---

[4]We note that defendant has not asserted any grounds for his claim that the evidence was improperly seized. Defense counsel merely stated at the sentencing hearing that, although he had not seen the search warrant, had not reviewed the affidavit to the warrant, and had no opportunity to discover the conditions under which the warrant was executed, he felt "duty bound to object to the admission of the evidence on the ground it was illegally seized." Defense counsel did not become the attorney of record until after the remittitur from this court remanding the case.

proceedings prior to conviction [defendant] has moved for the return of property or the suppression of the evidence." (Pen. Code, § 1538.5, subd. (m).) Here, defendant's conviction occurred when he entered his plea of guilty. Since defendant did not make the appropriate motion prior to conviction, subdivision (m) of Penal Code section 1538.5 does not afford defendant appellate review.

■ In the typical case, the rejection of a challenge to the admissibility of evidence on the ground of waiver after a guilty plea is in the context of a challenge to the conviction itself. However, we can conceive of no reason why the guilty plea should not also waive the question of the admissibility of evidence at the sentencing hearing.[5]

■ Defendant argues that Penal Code section 1538.5 is not the exclusive remedy by which to challenge a search and seizure if such challenge is made *after* a conviction, i.e., at a sentencing hearing. His claim is based on language in subdivision (m) which provides that sections 871.5, 995, 1238, 1466 and 1538.5 "shall constitute the sole and exclusive remedies *prior to* conviction to test the unreasonableness of a search or seizure . . . ." (Italics added.) He contends that a common law suppression motion can thus be made at the sentencing hearing. We disagree. No right to challenge the admissibility of evidence on appeal after a guilty plea exists absent statutory authority. Section 1538.5 explicitly states that review of search or seizure issues after a guilty plea may be obtained only if a suppression motion was made prior to conviction. Consequently, defendant's claim must fail.

. . . . . . . . . . . . . . . . . . . . . . .*

## II

■ Defendant next contends the trial court improperly based a finding of vulnerability upon the fact that the victim is a minor. He contends this is improper because minority of the victim is an element of the crime for which he was convicted. (§ 11361.) We agree. We are unaware of any case in which a court has considered an element of the crime as a basis for denying probation. However, the issue has been addressed in the context of the imposition of the upper term. (See *People* v. *Reynolds* (1984) 154 Cal.App.3d 796, 807 [201 Cal.Rptr. 826]; *People* v. *Ginese* (1981) 121 Cal.App.3d 468, 476-477 [175 Cal.Rptr. 383]; *People* v. *Flores* (1981) 115

---

[5]We do not suggest that evidence already deemed to have been illegally obtained can be introduced at the sentencing hearing. (Compare *People* v. *Belleci* (1979) 24 Cal.3d 879 [157 Cal.Rptr. 503, 598 P.2d 473].) The question here is whether the issue of admissibility can be tendered for the first time at a sentencing hearing following a guilty plea.

*See footnote, *ante,* page 1119.

Cal.App.3d 924, 926-927 [171 Cal.Rptr. 777].) Those cases held that reliance on such a fact is improper. The holdings are based, however, on rule 441(d) of the California Rules of Court, which provides that "[a] fact which is an element of the crime may not be used to impose the upper term." No explicit comparable statutory prohibition exists for the use of such a fact in the consideration of probation. However, we note that rule 441(a) provides that a fact considered by the sentencing judge to deny probation may be used to impose the upper term. The vulnerability of the victim is one of the applicable criteria for both the probation determination and the upper term determination. (Rules 414(c)(2), 421(a)(3).) If such a fact cannot be used to impose the upper term if it is an element of the crime, it should not be used to deny probation. Furthermore, we note that if an element of the crime could be used by the court to deny probation, the court would in effect be finding that probation ineligibility exists as the result of the commission of a crime even if such designation was not made by the Legislature.

### III, IV*

. . . . . . . . . . . . . . . . . . . . . . . .

### V

■ We also reject defendant's contention that the court failed to consider other applicable criteria supported by the record which favored granting defendant probation. The court explicitly stated that it had read and considered the probation officer's report. Defense counsel also presented arguments relating to the criteria in favor of probation at the sentencing hearing. These factors were properly before the court and are presumed to have been properly evaluated.

■ We conclude that three of the four reasons asserted by the court to justify the denial of probation are proper. It is improbable that a more favorable result would be obtained by a remand for sentencing based on the court's improper consideration of the vulnerability factor. (See *People* v. *Dunnahoo* (1984) 152 Cal.App.3d 561 [199 Cal.Rptr. 796].) Thus, we uphold the trial court's denial of probation.

### VI*

. . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante,* page 1119.

## DISPOSITION

The judgment is affirmed.

Carr, Acting P. J., and Sims, J., concurred.