Filed 9/20/13  P. v. Hernandez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G047439 |
| v. | (Super. Ct. No. 11CF3348) |
| OSCAR PAZ HERNANDEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, James Edward Rogan, Judge.  Affirmed.

Gail Ganaja, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Deputy Attorney General, for Plaintiff and Respondent.

\*                \*                \*

A jury found defendant Oscar Paz Hernandez guilty of felony hit and run with permanent injury (Veh. Code, § 20001, subds. (a), (b)(2)). The trial court denied probation and sentenced him to the middle term of three years. The court stated it had seriously considered imposing the four-year upper term because of the catastrophic injuries inflicted and defendant's inexcusable conduct in leaving the victim. The court based its sentencing decision on "the nature, seriousness and circumstances of the crime . . . the vulnerability of the victim upon being left at the scene by [defendant]. And . . ., the incalculable physical and emotional injury inflicted on the victim." Defendant's appeal raises a single issue: did the trial court abuse its discretion by failing to either grant probation or impose the lower term of two years. We reject defendant's contention and affirm the judgment.

The accident occurred early in the morning when defendant rear ended his victim's car. The impact was severe and the victim was seriously and permanently injured. Defendant left the scene of the accident, leaving the unconscious victim's vehicle in the fast lane, facing oncoming traffic.

## DISCUSSION

Penal Code section 1170, subdivision (b), provides as pertinent: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court. . . . The court shall select the term which, in the court's discretion, best serves the interests of justice. The court shall set forth on the record the reasons for imposing the term selected . . . ." Similarly, the court must state its reasons for denying probation. (Cal. Rules of Court, rule 4.406(b)(2); see *People v. Golliver* (1990) 219 Cal.App.3d 1612, 1616-1617.)

Defendant argues the court failed to satisfy these requirements "because the reasons cited by the court (1) were inseparable from the crime for which appellant was convicted . . .; (2) were based on an erroneous assumption of law, i.e., that appellant's criminal behavior caused the victim's serious injuries; (3) and appeared to be motivated by the court's antipathy toward the available sentence range provided by the statute." We disagree.

In denying probation, the court stated it relied on "the nature, seriousness and circumstances of the crime. . . . [T]he vulnerability of the victim upon being left at the scene by [defendant]. And . . ., the incalculable physical and emotional injury inflicted on the victim." After causing a substantial crash, defendant left the victim, unconscious in a car facing oncoming traffic, thus leaving him vulnerable to further injury should another vehicle crash into him. This additional vulnerability was not caused by the crash but by defendant's fleeing from the scene. Also, the record does not disclose how long it took to provide the victim with medical care but had defendant immediately reported the accident, medical care would have been provided sooner which might have lessened the extent of the victim's injuries. These factors do not qualify as being, in defendant's words, "inseparable from the crime for which appellant was convicted." In stating the three-year mid-term sentence, the court noted the "abandonment of the victim upon the freeway shows a high degree of callousness." The court also considered the probation report, where defendant, who was subject to deportation, was quoted as stating, "'I will come back anyway because my kids are here.'" Thus defendant stated, in effect that if he were granted probation, he would commit another illegal act.

We recognize that the court cannot deny probation based on an element of the crime. (*People v. Parrott* (1986) 179 Cal.App.3d 1119, 1124-1125.) But the court did not do so. We are therefore satisfied the court complied with the requirements of Penal Code section 1170, subdivision (b), and California Rules of Court, rule 4.406. The

court did not act arbitrarily or capriciously, as defendant charges, it carefully considered the circumstances of the crime and its results.

DISPOSITION

The judgment is affirmed.

RYLAARSDAM, J.

WE CONCUR:

O'LEARY, P. J.

THOMPSON, J.

4