Filed 12/16/14  P. v. Lopez CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

THE PEOPLE,

    Plaintiff and Respondent,            A140840

    v.                                 (San Mateo County
                                       Super. Ct. No. SC076064)

LEONARDO JESUS LOPEZ,

    Defendant and Appellant.

_____/

A jury convicted appellant Leonardo Jesus Lopez (Lopez or defendant) of possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1) (Count 1)),[1] possession of a loaded and operable firearm while in possession of cocaine (Health & Saf. Code, § 11370.1, subd. (a) (Count 2)), and unlawful possession of ammunition (§ 30305, subd. (a) (Count 3)).  The court denied Lopez's *Romero* motion and sentenced him to six years in state prison.[2]

Lopez appeals.  He contends the court erred by denying his *Romero* motion.  We conclude the court committed a sentencing error and remand for further proceedings.  In all other respects, we affirm.

_____

[1]    All further statutory references are to the Penal Code.

[2]    *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

1

FACTUAL AND PROCEDURAL BACKGROUND

Our summary of facts comes primarily from the probation report.

*Lopez's Prior Convictions*

In 2004, then 18-year-old Lopez was convicted of first degree burglary (§ 459) and attempted robbery (§§ 664/211). "The victim had been cleaning out his garage, when two unknown suspects approached carrying guns. When the victim ran out the back door, he was shot in the abdomen. The defendant later reported that they had gone to the victim's residence to steal some marijuana. He admitted to having possession of a handgun, which police located at his residence. Police noted that the handgun was fully loaded and there was a live round in the chamber. Two additional loaded magazines were also located."

*The Incident*

In April 2012, East Palo Alto police "officers were patrolling an area frequented by gang members and known for narcotics sales. A drug transaction was observed between the defendant and another subject. The defendant fled when police announced themselves. Five minutes later, it was reported that two suspects were attempting to steal bicycles from a nearby residence and that one of the residents had detained the defendant. [¶] When an officer arrived on the scene, the resident was sitting on the defendant, who was lying face down. As the officer turned the defendant's body, he observed a firearm directly underneath him. A loaded magazine was removed from the magazine well of the firearm and one live round was ejected from the chamber. It was subsequently determined the firearm . . . had been stolen ten years earlier.

"The defendant was arrested and transported to the police department, where he was advised of his *Miranda* rights. Inside his jacket, were two plastic baggies containing rock cocaine base, $227.00 cash and an iPhone. The defendant claimed he could not recall what occurred prior to police contacting him, as he had been attacked for unknown reasons. He could not explain why he was in the backyard of the residence, claiming he had blacked out. He refused to answer questions regarding the firearm and drugs and he denied being under the influence. He also declined medical attention. [¶] The defendant

2

was transported to county jail . . . [¶] In May of 2012, officers received a warrant to search the defendant's cell phone. Several text messages that were indicative of narcotics were located." The police also found pictures of guns, including a picture of a firearm similar to the one found in the incident.

The People charged Lopez with Counts 1, 2, and 3, and with possession of cocaine for sale (Health & Saf. Code, § 11351 (Count 4)). The People alleged three strike priors (§ 1170.12) and a prior prison term (§ 667.5). Before trial, the People dismissed one of the prior strikes. A jury found Lopez guilty of Counts 1, 2, and 3, and not guilty of Count 4. The People dismissed the prior prison term allegation (§ 667.5) and the court found the two remaining strike allegations true.

*Romero Motion and Sentencing*

Lopez moved to strike the two prior convictions pursuant to section 1385 and *Romero*. Lopez argued: (1) his prior convictions were 10 years old; (2) he had "no parole violations, and no subsequent arrests until the instant offense[;]" (3) he had severed ties with the Norteño gang; (4) he earned his GED and "worked at productive and honest jobs[;]" (5) he could comply with probation conditions; and (6) he had "a drug problem" and would benefit from attending a substance abuse treatment program. The People opposed the motion on various grounds, and noted Lopez had pictures of weapons on his cell phone.

The court denied the motion. It opined Lopez had "great potential" and found it "admirable" Lopez had severed ties with the Norteño gang and was a "good father." The court observed, however, that Lopez's potential had "gone off course . . . with regard to his behavior and what appears, at the very least, to be some sort of fascination with firearms and guns. Which is evidenced not only by this case, but by the prior case, by the photographs of weapons on his telephone." The court told Lopez: "[Y]ou're found lying on a firearm that was very similar to the photo of the firearm that was on your cell phone, that had your DNA on it, in the backyard in this circumstance. . . . [¶] I take these gun issues extremely seriously. [E]ven . . . if you took a step back and just viewed it, you had this weapon. What if your son found it and manipulated it and it accidentally went off?

3

[¶] These firearms, these pistols are deadly, deadly, deadly weapons. And they claim innocent victims every day in our society. That cannot be overlooked. And while I think your attorney did an excellent job of representing you, there is no way that the weapon and firearm can be overlooked. [¶] It was made very clear to you that, as a convicted felon, you could not possess firearms ever. Ever. And as much as I would like to have you reunited with your son as soon as possible, there is going to have to be a penalty imposed for your ignoring the prohibition against possessing a firearm. This was a loaded operable firearm in connection with this matter."

The court imposed the middle term, a six-year prison sentence, on Count 2. The court stayed the sentence on Counts 1 and 3 pursuant to section 654.

DISCUSSION

I.

*The Court Properly Denied the Romero Motion*

Lopez challenges the court's denial of his *Romero* motion. In *Romero*, the California Supreme Court "'held that a trial court may strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony, on its own motion, "in furtherance of justice" pursuant to . . . section 1385(a).' [Citation.]" (*People v. Carmony* (2004) 33 Cal.4th 367, 373 (*Carmony*), quoting *People v. Williams* (1998) 17 Cal.4th 148, 158 (*Williams*); see also § 1385, subd. (a) ["[t]he judge . . . may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed"].) When exercising its discretion under section 1385, the trial court must consider "whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams, supra,* 17 Cal.4th at p. 161.)

We review "a court's failure to dismiss or strike a prior conviction allegation . . . under the deferential abuse of discretion standard." (*Carmony, supra,* 33 Cal.4th at p. 374.) To establish an abuse of discretion, "[i]t is not enough to show that reasonable people might disagree about whether to strike one or more of his prior convictions. Where the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance. [Citation.]" (*People v. Myers* (1999) 69 Cal.App.4th 305, 310; see also *Carmony, supra,* 33 Cal.4th at pp. 376-377.)

Lopez contends the police searched his cell phone without a warrant in violation of *Riley v. California* (2014) ___ U.S. ___ [134 S.Ct. 2473] (*Riley*) and the court improperly considered this illegally-seized evidence when it denied his *Romero* motion. This argument fails for at least two reasons. First, Lopez has not preserved the issue on appeal because he did not move to suppress or raise the issue at the sentencing hearing. (*People v. Williams* (1999) 20 Cal.4th 119, 127-129; *People v. Parrott* (1986) 179 Cal.App.3d 1119, 1124.) Second, *Riley* — which held that absent an emergency, law enforcement must obtain a warrant before searching the digital contents of a cell phone incident to an arrest — does not apply here because the probation report indicates the police obtained a warrant before searching Lopez's cell phone.

Lopez has not demonstrated the court abused its discretion by denying his *Romero* motion. The court "'balanced the relevant facts'" and concluded Lopez was not outside the spirit of the Three Strikes scheme based on his criminal history and the circumstances of his current offense, which included possession of a loaded gun. (*Carmony, supra,* 33 Cal.4th at p. 378.)

II.

*The Court Erred by Failing to Impose Sentence on Counts 1 and 3*

The People contend the court erred by failing to impose sentence on Counts 1 and 3 and urge us to "impose and stay the midterm on both counts." As the People explain, "[t]he court stayed the terms on counts one and three pursuant to . . . section 654, but did

not impose a sentence on those counts.  "[W]hen a court determines that a conviction falls within the meaning of section 654, it is necessary to impose sentence but to stay the execution of the duplicative sentence.  [Citation.]"  (*People v. Duff* (2010) 50 Cal.4th 787, 796 [(*Duff*)].)  [¶] Here since the court imposed the midterm on count two, the likelihood is that the court would have imposed the midterm on counts one and three as well.  Rather than remand for resentencing that would not affect the ultimate term, respondent requests that this Court impose and stay the midterm on both counts.  (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1473.) [(*Alford*)]."  Lopez does not argue otherwise.

The People are correct that the court erred by declining to impose sentence on Counts 1 and 3 (*Duff, supra,* 50 Cal.4th at p. 796) but we decline their suggestion to impose the sentence.  Instead, we remand the case to the trial court for the sole purpose of imposing sentence on these counts.  We are mindful of the time and expense associated with conducting a hearing that will not change Lopez's prison time (*Alford, supra,* 180 Cal.App.4th at p. 1473, citing § 1260) but in the absence of any expression of the court's intent and in view of its imprecise comments at the sentencing hearing, we decline to exercise our authority to modify the judgment to impose a term on Counts 1 and 3 ourselves.

## DISPOSITION

The case is remanded to the trial court with directions to impose, and stay (§ 654), sentence on Counts 1 and 3.  In all other respects, the judgment is affirmed.

$\underline{\hspace{5cm}}$

Jones, P.J.

We concur:

$\underline{\hspace{5cm}}$

Needham, J.

$\underline{\hspace{5cm}}$

Bruiniers, J.