[Crim. No. 17492. Fourth Dist., Div. Three. July 30, 1984.]

In re GORDON ELLIOTT ACKER on Habeas Corpus.

COUNSEL

Robert M. Moss for Petitioner.

John K. Van de Kamp, Attorney General, and Robert B. Shaw, Deputy Attorney General, for Respondent.

OPINION

**CROSBY, J.**—Does a prison sentence recalled pursuant to Penal Code section 1170, subdivision (d) constitute a "prior separate prison term" which may be used to enhance a new offense under section 667.5?[1] We hold it does not.

I

In 1978 Gordon Acker was convicted of burglary (§ 459); the sentence was suspended, and he was placed on five years' probation. He violated the terms of probation, however, and was sentenced to three years in prison in 1979. A diagnostic study was prepared in which the Director of Corrections recommended Acker's sentence be recalled and probation granted (§ 1170, subd. (d)).[2] The court read and considered this report within 120 days of the commitment date but declined to recall the sentence.

---

[1] All statutory references are to the Penal Code.

[2] Section 1170, subdivision (d) provides, "When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison and has been committed to the custody of the Director of Corrections, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the Director of Corrections or the Board of Prison Terms, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. The resentence under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. Credit shall be given for time served."

Acker's wife then sought a recommendation of recall from the Board of Prison Terms. A staff attorney noted the court did not accept the previous recommendation of the Department of Corrections and added "the Board would be willing to consider [her] husband's case for such a recommendation" only if she were "able to convince [the court] to consider modifying [Acker's] sentence and [the court] communicates to the Board his willingness to consider a recall recommendation . . . ." She apparently made the suggested request. Several months later and more than 120 days after judgment was entered, the court recalled Acker's sentence and placed him on probation.

On May 28, 1981, Acker was convicted of assault with a deadly weapon (§ 245, subd. (a)). Allegations of great bodily injury (§ 12022.7) and a prior separate prison term based on the 1978 burglary were found to be true (§ 667.5). Acker was sentenced to the aggravated term enhanced with consecutive three and one year terms respectively.

On appeal Acker's counsel did argue the court erred in enhancing the sentence because of the prior prison term, but only on the specious ground that the prior prison sentence was not for a felony because the probation revocation was based on a misdemeanor conviction. The contention was dismissed in an unpublished opinion of Division Two of this court.[3]

Acker raised the recall of his sentence under section 1170, subdivision (d) to question imposition of the enhancement for the burglary prior the first time in a superior court habeas proceeding. The writ was denied. The court held there had been no jurisdiction to recall the original burglary sentence because the recall occurred more than 120 days after Acker's commitment and was not at the request of the Department of Corrections. Acker then filed his petition in this court.

## II

██ The parties agree the question of whether a prison sentence which has been recalled pursuant to section 1170, subdivision (d) qualifies as a "prior separate prison term" within the meaning of section 667.5 is a matter of first impression. Before we reach the issue, however, we dispose of two procedural hurdles raised by the Attorney General.

██ First, it is suggested the sentencing error must be raised by appeal and not by petition for habeas relief. Although it is generally true that the proper function of habeas corpus is not to provide a vehicle for seriatim

---

[3]*People* v. *Acker,* 4 Crim. No. 12772, filed May 14, 1982.

appeals (*In re Dixon* (1953) 41 Cal.2d 756, 759 [64 P.2d 513]), a writ is appropriate "to review an invalid sentence," provided the judgment can be corrected without redetermining any facts. (*Neal* v. *State of California* (1960) 55 Cal.2d 11, 17 [9 Cal.Rptr. 607, 357 P.2d 839].) Also, the argument we consider was not made in Acker's appeal, and there could have been no tactical reason for the omission. Thus, Acker was not provided effective assistance on appeal and is entitled to raise the issue in a subsequent habeas proceeding. (*In re Spears* (1984) 157 Cal.App.3d 1203 [204 Cal.Rptr. 333].)

Second, the Attorney General contends the orders granting the section 1170, subdivision (d) recall and the application for probation were invalid because they occurred more than 120 days after Acker's commitment. This argument ignores the provision in section 1170, subdivision (d) which permits recall of a sentence "*at any time* upon the recommendation of the Director of Corrections . . . ." (Italics added.) That recommendation was made and the recall occurred. Whether the court could properly reconsider after having once rejected the suggested recall might have presented an interesting issue, but the prosecution failed to mount a timely challenge by appeal. (*People* v. *Laue* (1982) 130 Cal.App.3d 1055 [182 Cal.Rptr. 99].) Acker obviously cannot be ordered back to complete the burglary sentence now, anymore than he could be required to submit to resentencing after having completed a statutorily defective sentence. For the same reason, the prosecution cannot collaterally attack the recall order by asking us to pretend it never happened. (*In re Marriage of Thomas* (1984) 156 Cal.App.3d 631, 638 [203 Cal.Rptr. 58].) It did.

### III

■ Section 667.5 mandates "[e]nhancement of prison terms for new offenses because of prior prison terms." Subdivision (g) defines "prior separate prison term" as "a continuous *completed* period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes, including any reimprisonment on revocation of parole which is not accompanied by a new commitment to prison . . . ." (Italics added.) A prison sentence recalled pursuant to section 1170, subdivision (d) is vacated for all intents and purposes, not completed; and the defendant is resentenced "as if he had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." (§ 1170, subd. (d).) An offense which could be made a misdemeanor by sentence can still be so reclassified notwithstanding the recalled prison commitment. (*In re Michael S.* (1983) 141 Cal.App.3d 814, 819 [190 Cal.Rptr. 585].) Thus, after the recall, Acker's de novo grant

of probation erased the prison commitment which provided the basis for the enhancement under section 667.5.[4]

Accordingly, the abstract of judgment is ordered modified by striking the one-year consecutive sentence imposed as an enhancement under that section.[5] As Acker has not yet begun to serve the portion of his sentence we have ordered stricken from the abstract, the writ of habeas corpus is denied as moot. (*In re Reed* (1983) 33 Cal.3d 914, 926 [191 Cal.Rptr. 658, 663 P.2d 216].)

Wallin, Acting P. J., and Sonenshine, J., concurred.

---

[4]The Attorney General does not appear to disagree with this conclusion in theory. He states in a footnote to his response, "A cursory examination of the statute would support the conclusion that a valid Penal Code section 1170, subdivision (d) recall and grant of probation would not constitute a prior prison term since the recall in effect leads to a de novo sentencing. Respondent, however, would not concede this would be true under all circumstances. Because it is irrelevant to petitioner's case [because the recall was invalid], respondent would not take an official position on this hypothetical situation."

[5]We see no point in remanding to the superior court for resentencing. Acker was given the maximum punishment available, the upper term for the section 245, subdivision (a) violation and an additional three years consecutive pursuant to section 12022.7.