[No. A027088. First Dist., Div. Five. Aug. 5, 1985.]

THE PEOPLE, Plaintiff and Appellant, v.
SAMUEL ACOSTA, Defendant and Respondent.

COUNSEL

John K. Van de Kamp, Attorney General, Ronald E. Niver and J. Patrick Collins, Deputy Attorneys General, for Plaintiff and Appellant.

Sheldon Portman, Public Defender, and Michael A. Kresser, Deputy Public Defender, for Defendant and Respondent.

OPINION

KING, J.—In this case we hold that a defendant resentenced to prison under Welfare and Institutions Code section 1737 after a commitment to the Youth Authority is not entitled to conduct credit for time spent in Youth Authority facilities. The People appeal from an order granting Samuel Acosta such conduct credit. We reverse as to the granting of that credit.

On October 16, 1980, Acosta pleaded guilty to assault with a deadly weapon (Pen. Code, § 245, subd. (a)) and admitted a great bodily injury allegation (Pen. Code, § 12022.7). The offense occurred on November 18, 1979, when Acosta was 18 years old. The court committed Acosta to the Youth Authority for a maximum period of six years' confinement.

On February 18, 1983, Acosta was transferred from a Youth Authority facility to the California Training Facility (CTF) at Soledad. He stayed 854 days in Youth Authority facilities. The transfer occurred after his involvement in a "major racial group disturbance." The Youth Authority determined that he was "too sophisticated, assaultive, and unmotivated, to benefit from Youth Authority programs." While at CTF Acosta was again involved in a "racial group disturbance."

On December 29, 1983, the Director of the Youth Authority recommended that the court recall Acosta's Youth Authority commitment and resentence him under Welfare and Institutions Code section 1737. That statute permits an adult court, upon recommendation of the Youth Authority Di-

rector, to recall a prior Youth Authority commitment by that court and "resentence the person as if he or she had not previously been sentenced."

On March 26, 1984, the court sentenced Acosta to state prison for six years, consisting of the middle term of three years for the assault and a three-year enhancement for great bodily injury. The court calculated 1,398 days' credit for actual time served plus 699 days' conduct credit, for a total of 2,097 days, leaving Acosta some 3 months left to serve in prison. The conduct credit included full credit for the time Acosta spent in Youth Authority confinement and for his confinement after transfer to CTF.[1]

 The court awarded conduct credit for the time Acosta spent in Youth Authority facilities, despite the rule against conduct credits for Youth Authority confinement (see, e.g., *People* v. *Austin* (1981) 30 Cal.3d 155, 165-66 [178 Cal.Rptr. 312, 636 P.2d 1]), based on the requirement in Welfare and Institutions Code section 1737 that the court "resentence the person as if he or she had not previously been sentenced." The court interpreted this language as requiring an award of conduct credit as if the Youth Authority time had been "presentence time" (presumably spent in county jail).[2]

This interpretation was incorrect. The Legislature cannot have intended the quoted language to mandate conduct credit, since this language was included in the statute in 1975 (see Stats. 1975, ch. 1103, § 1, pp. 2676-2677), before the 1976 adoption of a system of prison conduct credits (Pen. Code, § 2931; see Stats. 1976, ch. 1139, § 276, p. 5146, operative July 1, 1977). The Legislature cannot have intended to afford a benefit which did not even then exist.

 Acosta argues that the time of adoption of prison conduct credits is irrelevant because the language of section 1737 clearly and unambiguously requires application of such credits, so that there is no need for statutory construction. (See *Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 198 [137 Cal.Rptr. 460, 561 P.2d 1148].) This argument is meritless. Section 1737 is not unambiguous on this point; the statute only states how the offender is to be resentenced ("as if he or she had not previously been sen-

---

[1] The court stayed execution of the sentence pending appeal and ordered Acosta to remain in county jail until the date when his custody time would have ended had he begun serving his time in prison.

[2] The court in *People* v. *Reynolds* (1981) 116 Cal.App.3d 141, 148 [171 Cal.Rptr. 461], held that a defendant sentenced to prison under Welfare and Institutions Code section 1737.1 after rejection from the Youth Authority for incorrigibility is not entitled to conduct credit for time spent in Youth Authority custody. Section 1737.1 does not contain the language of section 1737 requiring the offender to be resentenced "as if he or she had not previously been sentenced."

tenced") and says nothing about any credits to be given against the sentence.[3]

■ The trial court in the present case also reasoned that Acosta's vacated commitment was equivalent to a commitment to the Youth Authority for diagnostic studies (for which Acosta as an adult was not eligible), and that offenders are entitled under equal protection principles to conduct credit for such diagnostic commitments as stated in *People* v. *Duran* (1983) 147 Cal.App.3d 1186, 1192 [195 Cal.Rptr. 724], and *People* v. *Saldivar* (1984) 154 Cal.App.3d 111, 115 [201 Cal.Rptr. 60]. But Acosta remained in the Youth Authority long after the 90-day period prescribed for diagnostic studies (see Pen. Code, § 1203.03; Welf. & Inst. Code, § 707.2). He was not rejected from the Youth Authority because of a determination of unamenability to treatment after a specified diagnostic period. Acosta's Youth Authority commitment and ultimate rejection thus cannot reasonably be considered equivalent to a commitment for diagnostic studies.

■ Finally, Acosta argues that equal protection requires he receive conduct credits because persons committed for "treatment" in different contexts receive such credits. We reject this contention under compulsion of California Supreme Court decisions holding that persons committed to the Youth Authority have no equal protection right to conduct credits. (E.g., *People* v. *Austin, supra,* 30 Cal.3d at pp. 165-166.)

■ The People argue that the trial court erred in granting Acosta full conduct credit for the time he spent in custody after his transfer to CTF, because of his involvement in a racial group disturbance at that facility. This argument, however, appears for the first time on appeal. Because the People never challenged this aspect of the conduct credit award in the trial court, they have waived any objection to it. (See *People* v. *Burke* (1956) 47 Cal.2d 45, 53-54 [301 P.2d 241].)

---

[3]Acosta relies on *In re Acker* (1984) 158 Cal.App.3d 888, 891 [205 Cal.Rptr. 82], which dealt with a similar provision in Penal Code section 1170, subdivision (d), that upon recall of a prison sentence the defendant is to be resentenced "as if he had not previously been sentenced . . . ." The court in *Acker* held that the recalled sentence is "vacated for all intents and purposes, not completed," so that it cannot constitute a prior prison term which could be used to enhance a new offense under Penal Code section 667.5. (*Ibid.*) Acosta argues that because *Acker* purportedly relieved the defendant of all negative consequences flowing from the recalled commitment, Acosta should similarly benefit here. But Acosta reads more into *Acker* than is there. The court did not hold that the defendant was to be relieved of all negative consequences, but simply that the recalled sentence could not be a prior prison term for enhancement purposes.

The portion of the order awarding conduct credit for the time Acosta spent in Youth Authority facilities is reversed. In all other respects the order is affirmed. The cause is remanded for recomputation of conduct credit.

Low, P. J., and Haning, J., concurring.

Respondent's petition for review by the Supreme Court was denied December 5, 1985.