Filed 4/25/16  In re Valencia CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re GABRIEL VALENCIA,<br><br>on Habeas Corpus. | 2d Civil No. B267134<br>(Super. Ct. No. PA042197)<br>(Los Angeles County) |

Gabriel Valencia is currently serving a prison sentence that includes a one-year enhancement for having served a prior prison term for a felony conviction of possessing a controlled substance (Pen. Code,[1] § 667.5, subd. (b) [hereafter § 667.5(b)]; Health & Saf. Code, § 11350, subd. (a)).  After Proposition 47 was enacted, he successfully applied to have the felony drug possession conviction designated as a misdemeanor.  He then moved for resentencing in his current case, claiming that the section 667.5(b) enhancement had to be stricken because it is predicated upon his conviction of an offense that is now a misdemeanor.  The court construed the motion as a petition for writ of habeas corpus and denied the petition.  Valencia now seeks habeas

_____

[1] All statutory references are to the Penal Code unless otherwise stated.

relief in this court. We conclude the enhancement is unaffected by Proposition 47 and deny the writ.

FACTS AND PROCEDURAL HISTORY

In 1997, Valencia pled no contest to possessing a controlled substance and admitted serving a prior prison term as provided in section 667.5(b). The court sentenced him to two years and four months in state prison. In 2003, he was convicted of carjacking (§ 215, subd. (a)), robbery (§ 211), grand theft auto (§ 487, subd. (d)), evading a pursuing peace officer (Veh. Code, § 2800.2, subd. (a)), and driving under the influence (Veh. Code, § 23152, subd. (a)). Personal firearm use allegations as to the carjacking and robbery counts were also found true (§ 12022.53, subd. (b)). In a bifurcated proceeding, the court found true allegations that Valencia had served five prior prison terms within the meaning of section 667.5(b), including his most recent prison term. Valencia's sentence of 21 years and four months in state prison includes a one-year enhancement for each of the prior prison term allegations. We affirmed the judgment. (*People v. Valencia* (Sept. 23, 2004, B168100 [unpub. opn.].)

Section 1170.18, which the voters enacted as part of Proposition 47, went into effect in November 2014. In March 2015, Valencia filed an application under subdivision (f) of section 1170.18 to have his prior felony drug conviction designated as a misdemeanor.[2] After the court granted the application and designated the conviction as a misdemeanor, Valencia moved for resentencing in the court that imposed his current sentence. He purported to bring the motion under sections 1170.18 and 667.5(b), and asserted that the subject section 667.5(b) enhancement had to be stricken now that the underlying conviction had been designated as a misdemeanor. The parties stipulated that the court could construe the motion as a petition for writ of habeas corpus, which the parties "agree[d] [was] the proper remedy for requested relief as to the prior conviction under Penal Code section 667.5(b) . . . ."

---

[2] Health and Safety Code section 11350, the crime of which Valencia was convicted, is among the statutes that Proposition 47 reclassified as misdemeanors.

2

After the parties submitted on their briefing, the court issued a written order denying the petition. Valencia filed a petition for writ of habeas corpus in this court. We issued an order to show cause and calendared the matter for oral argument. The People thereafter filed a return and Valencia filed his traverse.

DISCUSSION

Proposition 47 reclassified certain drug and theft-related felony and "wobbler" offenses as misdemeanors. It also created remedies for persons previously convicted of one of the reclassified offenses. The first remedy applies to "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense." (§ 1170.18, subd. (a).) Such a person "may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with [s]ections 11350, 11357, or 11377 of the Health and Safety Code, . . . as those sections have been amended or added by this act." (*Ibid.*) The second remedy applies to those who have already completed a sentence for one of the enumerated offenses. Those individuals can file an application with the court that entered the judgment of conviction to have the conviction designated as a misdemeanor. (§ 1170.18, subd. (f).) After relief is obtained under either of these provisions, the subject conviction "shall be considered a misdemeanor for all purposes," with the exception of the firearm restrictions that apply to convicted felons. (§ 1170.18, subd. (k).)

Valencia obtained his remedy under subdivision (f) of section 1170.18 by applying to have his prior drug possession conviction designated as a misdemeanor. His current sentence does not include a conviction subject to recall and resentencing under subdivision (a) of section 1170.18, but it includes a section 667.5(b) enhancement based on the prior conviction that is now a misdemeanor. Although Proposition 47 makes no mention of sentence enhancements, Valencia contends that the law entitles him to have the subject enhancement stricken because the designation of the predicate conviction as a

3

"misdemeanor for all purposes" (§ 1170.18, subd. (k)) effectively disproves one of the enhancement's essential elements, i.e., the conviction of a felony. He reasons that if the law had been in effect when he committed the crime it "would have been a misdemeanor and [he] could not have been sentenced to prison."**3**

Several courts have recently concluded that the "misdemeanor for all purposes" designation in subdivision (k) of section 1170.18 does not apply retroactively to invalidate prior prison terms enhancements imposed under section 667.5(b). (See, e.g., *People v. Williams* (2016) 245 Cal.App.4th 458; *People v. Carrea* (2016) 244 Cal.App.4th 966, 973-974; *People v. Ruff* (2016) 244 Cal.App.4th 935, 943-949.) No court has concluded otherwise. Our Supreme Court has granted review to resolve the issue. (*People v. Valenzuela*, No. S232900, review granted March 7, 2016.) We agree that the designation does not apply retroactively in this context. ". . . [T]he language in subdivision (k) of section 1170.18 that a conviction that is reduced to a misdemeanor under that section '*shall be . . . a misdemeanor for all purposes*' is not significantly different from the language in section 17(b), which provides that after the court exercises its discretion to sentence a wobbler as a misdemeanor, and in the other circumstances specified in section 17(b), '*it is a misdemeanor for all purposes*.' (Italics added.) . . . [I]n construing this language from section 17(b), the California Supreme Court has stated that the reduction of the offense to a misdemeanor does not apply retroactively. [Citations.] We presume the voters 'intended the same construction' for the language in section 1170.18, subdivision (k), 'unless a contrary intent clearly appears.' [Citation.]" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1100 (*Rivera*).)

Nothing in the language of section 1170.18 or the ballot materials reflect such an intent. (*Rivera*, *supra*, 233 Cal.App.4th at p. 1100.) The statute's remedial

---

**3** "'Imposition of a sentence enhancement under Penal Code section 667.5[(b)] requires proof that the defendant: (1) was previously convicted of a felony; (2) was imprisoned as a result of that conviction; (3) completed that term of imprisonment; and (4) did not remain free for five years of both prison custody and the commission of a new offense resulting in a felony conviction. [Citation.]' [Citation]." (*In re Preston* (2009) 176 Cal.App4th 1109, 1115.)

4

provisions apply only to cases in which a person is currently serving a sentence for a conviction of a felony that is now a misdemeanor (§ 1170.18, subd. (a)), and those cases in which a person convicted of such a crime has already completed his or her sentence (§ 1170.18, subd. (f)). Moreover, the statute goes on to instruct that "[n]othing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this act." (§ 1170.18, subd. (n).) The section 667.5(b) enhancement at issue here is part of such a judgment.

Valencia asserts that the requirement that the conviction "shall be considered a misdemeanor for all purposes" must be applied retroactively because the plain language of Proposition 47 compels us to treat the conviction as if the law had "been in effect at time of the offense." (§ 1170.18, subds. (a) & (k).) He asserts that a retroactive application of the phrase is also compelled by the maxim *expressio unius est exclusio alterius* (the expression of one thing is the exclusion of another) because the statute expressly provides only one exception to its application, i.e., firearm restrictions. Neither assertion is persuasive. The statute's references to a person "who would have been guilty of a misdemeanor . . . had th[e] act been in effect at the time of the offense" (§ 1170.18, subds. (a) & (f)) do not define how the conviction must be treated after it has been resentenced or designated as a misdemeanor, but rather merely inform the determination whether that person is eligible to be resentenced. In a similar vein, the "expression" of a limitation on *how* the misdemeanor designation applies once it has been established does not clearly and compellingly imply that the electorate thereby intended to place no limitation on *when* the designation applies in the continuum of time.

Valencia also misplaces his reliance on *In re Acker* (1984) 158 Cal.App.3d 888 (*Acker*), in asserting that the misdemeanor designation in subdivision (k) of section 1170.18 applies retroactively. The petitioner in that case (Acker) was previously convicted of burglary and sentenced to prison. After he had served a portion of his sentence, it was recalled pursuant to section 1170, subdivision (d). (*Id.* at pp. 889-890.) He was subsequently convicted of assault with a deadly weapon, and a prior prison term

5

allegation based on the burglary conviction was found true under section 667.5(b). (*Id.* at p. 890.) In his direct appeal, his attorney failed to challenge the enhancement on the ground that his prior prison term was not "a continuous completed period of prison incarceration" as contemplated in section 667.5, subdivision (g). Acker subsequently raised the claim in a petition for writ of habeas corpus, alleging, among other things, that his appellate attorney's failure to raise it on direct appeal constituted ineffective assistance of counsel. (*Id.* at pp. 890-891.) In striking the enhancement, the Court of Appeal found merit in Acker's claim of ineffective assistance and reasoned that "[a] prison sentence recalled pursuant to section 1170, subdivision (d) is vacated for all intents and purposes, not completed; and the defendant is resentenced 'as if he had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence.' [Citation.]" (*Id*. at p. 891.)

  *Acker* offers nothing to support Valencia's claim that the phrase "shall be considered a misdemeanor for all purposes" applies retroactively to his final judgment. Aside from the fact that Valencia's prior prison sentence was never recalled, the issue in *Acker* was whether the prior prison term could *subsequently* be used to enhance Acker's sentence in a subsequent prosecution. Moreover, the court recognized that the issue should have been raised on direct appeal but found it cognizable in a collateral proceeding under the umbrella of ineffective assistance of counsel. Here, Valencia seeks to *retroactively* invalidate a final judgment through a collateral attack that is unmoored to any rights other than those purportedly conferred to him by Proposition 47.

  Finally, Valencia contends that subdivision (k) of section 1170.18 must be construed to apply retroactively because the electorate dictated that Proposition 47 should be "broadly construed to accomplish its purposes" and "liberally construed to effectuate its purposes." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, p. 74.) None of the law's stated purposes, however, would be furthered by reducing the sentences of prisoners serving sentences for non-Proposition 47 offenses and whose sentences are enhanced to account for their recidivist behavior. Section 667.5(b) focuses on the

6

defendant's status at the time he or she commits a new felony offense.  When Valencia committed his crimes, he stood convicted of a felony and had just recently been released from prison.  That he reoffended so soon after his release made him deserving of additional punishment.  (*People v. Levell* (1988) 201 Cal.App.3d 749, 754.)  Nothing in the language of Proposition 47 or the related materials reflects an intent to absolve him of this additional punishment simply by virtue of the fact that his prior conviction must now be considered a misdemeanor.

DISPOSITION

The petition for writ of habeas corpus is denied.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.


7

Monica Bachner, Judge

Superior Court County of Los Angeles

_____

Ronald L. Brown, Public Defender, Albert J. Menaster, Ellen Bresticker and Mark Harvis, Deputy Public Defenders, for Petitioner.

Kamala Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, and Mary Sanchez and Wyatt E. Bloomfield, Deputy Attorneys General, for Respondent.