Filed 6/7/16  P. v. Yarberry CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JERRY LYNN YARBERRY,<br><br>    Defendant and Appellant. | 2d Crim. No. B265663<br>(Super. Ct. No. KA104323)<br>(Los Angeles County) |

Jerry Lynn Yarberry appeals the trial court's order denying his petition for recall of sentence and request for resentencing under Penal Code section 1170.18,[1] which was enacted as part of Proposition 47.  Appellant contends the court erred in refusing to strike a one-year prior prison term enhancement (§ 667.5, subd. (b) [§ 667.5(b)]) that is predicated upon a conviction subsequently designated as a misdemeanor.  We affirm.

### FACTS AND PROCEDURAL HISTORY

In April 2014, appellant pled no contest to possession for sale of a controlled substance (Health & Saf. Code, § 11351) and admitted serving three prior prison terms (§ 667.5(b)).  One of the priors is based on a 2003 conviction of petty theft

---

[1] All statutory references are to the Penal Code unless otherwise stated.

with prior convictions. (§ 666.) The trial court sentenced appellant to six years in state prison, consisting of the midterm of three years plus three one-year enhancements under section 667.5(b).

Section 1170.18 went into effect in November 2014. In March 2015, appellant applied under subdivision (f) of section 1170.18 to have his prior section 666 conviction designated as a misdemeanor. After the court granted the application and designated the conviction as a misdemeanor, appellant petitioned for resentencing in the instant case. He purported to bring the petition under sections 1170.18 and 667.5(b), and asserted that the subject section 667.5(b) enhancement had to be stricken now that the underlying conviction had been designated as a misdemeanor. The court denied the petition, reasoning in part that "the fact that the underlying offense resulting in a prison prior is now a misdemeanor under Proposition 47 does not change the validity of the enhancement because Penal Code section 667.5(b) accounts for recidivist conduct."

## DISCUSSION

Appellant contends the trial court erred in declining to strike the subject section 667.5(b) enhancement because the prior conviction upon which it is based is now designated as a misdemeanor. We disagree.

Proposition 47 reclassified certain drug and theft-related felony and "wobbler" offenses as misdemeanors. It also created remedies for persons previously convicted of one of the reclassified offenses. The first remedy applies to "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense." (§ 1170.18, subd. (a).) Such a person "may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with [s]ections 11350, 11357, or 11377 of the Health and Safety Code, . . . as those sections have been amended or added by this act." (*Ibid.*) The second remedy

2

applies to those who have already completed a sentence for one of the enumerated offenses. Those individuals can file an application with the court that entered the judgment of conviction to have the conviction designated as a misdemeanor. (§ 1170.18, subd. (f).) After relief is obtained under either of these provisions, the subject conviction "shall be considered a misdemeanor for all purposes," with the exception of the firearm restrictions that apply to convicted felons. (§ 1170.18, subd. (k).)

Appellant obtained his remedy under subdivision (f) of section 1170.18 by applying to have his prior section 666 conviction designated as a misdemeanor. His current sentence does not include a conviction subject to recall and resentencing under subdivision (a) of section 1170.18, but it includes a section 667.5(b) enhancement based on the prior conviction that is now a misdemeanor. Although Proposition 47 makes no mention of sentence enhancements, appellant contends that the law entitles him to have the subject enhancement stricken because the designation of the predicate conviction as a "misdemeanor for all purposes" (§ 1170.18, subd. (k)) effectively disproves one of the enhancement's essential elements, i.e., the conviction of a felony.

Our Supreme Court has granted review of a series of opinions concluding that the "misdemeanor for all purposes" designation in subdivision (k) of section 1170.18 does not apply retroactively to invalidate prior prison terms enhancements imposed under section 667.5(b). (See, e.g., *People v. Valenzuela*, review granted Mar. 30, 2016, S232900; *People v. Williams*, review granted May 11, 2016, S233539; *People v. Carrea*, review granted Apr. 27, 2016, S233011; *People v. Ruff*, review granted May 11, 2016, S233201.) We also conclude that the designation does not apply retroactively in this context. "[T]he language in subdivision (k) of section 1170.18 that a conviction that is reduced to a misdemeanor under that section '*shall be . . . a misdemeanor for all purposes*' is not significantly different from the language in section 17(b), which provides that after the court exercises its discretion to sentence a wobbler as a misdemeanor, and in the other circumstances specified in section 17(b), '*it is a misdemeanor for all purposes*.'

3

(Italics added.) [I]n construing this language from section 17(b), the California Supreme Court has stated that the reduction of the offense to a misdemeanor does not apply retroactively. [Citations.] We presume the voters 'intended the same construction' for the language in section 1170.18, subdivision (k), 'unless a contrary intent clearly appears.' [Citation.]" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1100.)

Nothing in the language of section 1170.18 or the ballot materials reflects such an intent. (*People v. Rivera*, *supra*, 233 Cal.App.4th at p. 1100.) The statute's remedial provisions apply only to cases in which a person is currently serving a sentence for a conviction of a felony that is now a misdemeanor (§ 1170.18, subd. (a)) and cases in which a person convicted of such a crime has already completed his or her sentence (§ 1170.18, subd. (f)). Moreover, the statute goes on to instruct that "[n]othing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this act." (§ 1170.18, subd. (n).) The section 667.5(b) enhancement at issue here is part of such a judgment.

Appellant misplaces his reliance on *People v. Park* (2013) 56 Cal.4th 782 and *People v. Flores* (1979) 92 Cal.App.3d 461 in asserting that Proposition 47 was intended to invalidate section 667.5(b) enhancements included in final judgments. In both of those cases, the current offense was committed after the prior offense had already been reduced to a misdemeanor. (See *People v. Abdallah* (2016) 246 Cal.App.4th 736, 747 [§ 667.5(b) enhancement did not apply to defendant sentenced after his prior felony conviction had been designated as a misdemeanor under Proposition 47; distinguishing case "from recent cases holding that Proposition 47 does not apply retroactively to redesignate predicate offenses as misdemeanors for purposes of imposing sentencing enhancements where the original sentence was imposed before the enactment of Proposition 47"].)

Appellant also erroneously relies on *In re Acker* (1984) 158 Cal.App.3d 888 (*Acker*), as support for his assertion that the misdemeanor designation in subdivision

4

(k) of section 1170.18 applies retroactively.  The petitioner in that case (Acker) was previously convicted of burglary and sentenced to prison.  After he had served a portion of his sentence, it was recalled pursuant to section 1170, subdivision (d).  (*Acker* at pp. 889-890.)  He was subsequently convicted of assault with a deadly weapon, and a prior prison term allegation based on the burglary conviction was found true under section 667.5(b).  (*Acker* at p. 890.)  In his direct appeal, his attorney failed to challenge the enhancement on the ground that his prior prison term was not " 'a continuous completed period of prison incarceration' " as contemplated in section 667.5, subdivision (g).  (Italics omitted.)  Acker subsequently raised the claim in a petition for writ of habeas corpus, alleging, among other things, that his appellate attorney's failure to raise it on direct appeal constituted ineffective assistance of counsel.  (*Acker* at pp. 890-891.)  In striking the enhancement, the Court of Appeal found merit in Acker's claim of ineffective assistance and reasoned that "[a] prison sentence recalled pursuant to section 1170, subdivision (d) is vacated for all intents and purposes, not completed; and the defendant is resentenced 'as if he had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence.' [Citation.]"  (*Id*. at p. 891.)

Acker does not support appellant's claim.  Aside from the fact that appellant's prior prison sentence was never recalled, the issue in *Acker* was whether the prior prison term could *subsequently* be used to enhance Acker's sentence in a subsequent prosecution.  Moreover, the trial court recognized that the issue should have been raised on direct appeal but found it cognizable in a collateral proceeding under a claim of ineffective assistance of counsel.  Appellant, unlike Acker, purports to have the right to retroactively invalidate a final judgment through a collateral attack based solely on the rights set forth in section 1170.18.  As we have explained, no such right exists.

Appellant asserts that retroactive application of the "misdemeanor for all purposes" designation is also compelled by the maxim *expressio unius est exclusio alterius* (the expression of one thing is the exclusion of another) because the statute

5

expressly provides only one exception to its application, i.e., firearm restrictions.  The "expression" of a limitation on how the misdemeanor designation applies once it has been established, however, does not clearly and compellingly imply that the electorate thereby intended to place no limitation on *when* the designation applies in the continuum of time.

Appellant alternatively contends that subdivision (k) of section 1170.18 must be construed to apply retroactively because the electorate dictated that Proposition 47 should be "broadly construed to accomplish its purposes" and "liberally construed to effectuate its purposes."  (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, p. 74.)  None of the law's stated purposes, however, would be furthered by reducing the sentences of prisoners serving sentences for non-Proposition 47 offenses and whose sentences are enhanced to account for their recidivist behavior.  Section 667.5(b) focuses on the defendant's status at the time he or she commits a new felony offense.  When appellant committed his crimes, he stood convicted of a felony and had recently been released from prison.  That he reoffended so soon after his release made him deserving of additional punishment.  (*People v. Levell* (1988) 201 Cal.App.3d 749, 754.)  Nothing in the language of Proposition 47 or the related materials reflects an intent to absolve him of this additional punishment simply by virtue of the fact that his prior conviction must now be considered a misdemeanor.

Finally, we reject appellant's claim that the relief he seeks is compelled by his state and federal equal protection rights.  He fails to persuade us that an individual who has had a prior felony designated as a misdemeanor *after* it was used to enhance his or her current sentence is similarly situated to someone whose prior conviction was reduced to a misdemeanor *before* it was used as a sentence enhancement.  Moreover, "[t]he right to equal protection of the law generally does not prevent the state from setting a starting point for a change in the law.  '[T]he Fourteenth Amendment does not forbid statutes and statutory changes to have a beginning and thus to discriminate between the rights of an earlier and later time.' [Citation.]  The same rule applies to changes in

sentencing law that benefit defendants." (*People v. Lynch* (2012) 209 Cal.App.4th 353, 359.)

DISPOSITION

The order denying appellant's petition for recall of sentence and request for resentencing is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

Salvatore T. Sirna, Judge

Superior Court County of Los Angeles
_____

Brad Kaiserman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, and Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.