Filed 7/15/20

**CERTIFIED FOR PARTIAL PUBLICATION\***

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JUAN CARLOS ARIAS,<br><br>     Defendant and Appellant. | A156360<br><br>(Sonoma County<br>Super. Ct. No. SCR 494159) |

Appellant Juan Carlos Arias entered a negotiated plea of no contest to two counts of assault with a deadly weapon (Pen. Code,[1] § 245) and one count of unlawful driving or taking a vehicle (Veh. Code, § 10851, subd. (a)), and admitted enhancements that he committed these felonies for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)), and inflicted great bodily injury (§ 12022.7, subd. (a)). In 2007, he received a stipulated sentence of 18 years eight months in state prison.

Years later, the Secretary of the Department of Corrections and Rehabilitation (Secretary) recommended to the superior court that appellant's sentence be recalled and he be resentenced in accordance with section 1170, subdivision (d)(1), on the basis that appellant's sentence may be unlawful under *People v. Gonzalez* (2009) 178 Cal.App.4th 1325 (*Gonzalez*).

---

\* Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts I.A and II.B.

[1] All further unspecified statutory references are to the Penal Code.

1

The trial court recalled appellant's sentence and held a resentencing hearing. At the conclusion of the proceedings, the court stayed the great bodily injury enhancements, imposed gang enhancements on each assault count, and after other adjustments sentenced appellant to 18 years four months in state prison—four months less than the original bargained-for sentence. Appellant contends that the trial court erred in imposing two gang enhancements under section 654 because he acted with a single intent to benefit his gang when he committed the assaults. The Attorney General urges us to dismiss his appeal on the grounds that he failed to obtain a certificate of probable cause and he abandoned any claim that a component of his sentence violated section 654's prohibition against double punishment when he agreed to a specified term of years.

In the published part of this opinion, we conclude that an appeal may be taken from a sentence imposed under the resentencing provisions of section 1170, subdivision (d)(1), without need for a certificate of probable cause. (§ 1237, subd. (a).) In the nonpublished portion of this opinion, we find no error in the trial court's sentence and affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

### A. *Factual Background*

On an evening in August 2006, John Packnett left a friend's home to meet another friend, Jason Hopkins, on Lancaster Street. Randy Alonzo approached Packnett near the driveway and demanded Packnett's cell phone. Packnett refused and walked away. Alonzo followed him down the street, talking on a cell phone.

---

[2] We summarize the facts from our prior opinion in this matter, *People v. Arias* (Apr. 14, 2008, A119662 [nonpub. opn.].)

2

Packnett found his friend Hopkins on Lancaster Street in his Mitsubishi Galant and entered the car. Alonzo walked up, and without invitation, also entered the car. Neither Packnett nor Hopkins were acquainted with Alonzo. After traveling a short distance, Hopkins and Alonzo exited the vehicle and began to argue. As Hopkins turned to ask Packnett "what's going on," Alonzo grabbed Hopkins's cell phone, which fell from his hand to the ground. They scuffled momentarily before Hopkins retrieved his phone. Hopkins noticed someone else walking up the street toward the car but did not pay attention to him.

Packnett, still seated in the car, then saw a hand holding a knife come through the open window. He was stabbed once in the arm and three times in the upper chest before he managed to kick his attacker. Packnett was positive that the assailant was not Alonzo, who was still grappling with Hopkins when the stabbing occurred. Alonzo entered the driver's side and began to drive the car forward before he stopped. Hopkins tried to jump through the driver's side window with both feet and began to kick Alonzo in the head and chest. The man who had stabbed Packnett ran around the car and stabbed Hopkins three times in the side and back. Hopkins later identified the assailant as appellant.

Appellant entered the passenger side, and he and Alonzo drove away in the Galant. Hopkins and Packnett enlisted the help of a passerby and they were taken to the hospital for treatment of their wounds. Hopkins recovered his vehicle a week or so later. The car was damaged and items of personal property, including a laptop computer, software, digital cameras, stereos, and a leather jacket, had been stolen. At the preliminary hearing, an expert witness opined that both appellant and Alonzo were affiliated with the

Sureño criminal street gang and that the offenses were committed to benefit the gang.

## B.    *Procedural History*

In April 2007, appellant was charged by information with two counts of attempted murder (§ 664/187, subd. (a), counts one and two), two counts of assault with a deadly weapon (a knife) (§ 245, subd. (a)(1), counts three and four), auto theft (§ 215, subd. (a), count five), attempted robbery (§ 644/211, count six), and participation in a criminal street gang (§ 186.22, subd. (a), count seven).  The information also alleged various enhancements.

On May 29, 2007, appellant entered a negotiated plea of no contest to the two counts of assault with a deadly weapon (§ 245, subd. (a)(1)), and to unlawful driving or taking a vehicle (Veh. Code, § 10851, subd. (a), count eight).  As to each assault count, he admitted to criminal street gang (§ 186.22, subd. (b)(1)(C)) and personal infliction of great bodily injury (§ 12022.7, subd. (a)) enhancements.[3]

The trial court imposed a stipulated aggregate term of 18 years eight months.  On the principal term of assault (count three), appellant was sentenced to the midterm of three years, a consecutive three-year term for personal infliction of great bodily injury, and a consecutive 10-year term for commission of a violent felony to benefit a criminal street gang.  On the subordinate assault count (count four), the trial court imposed a consecutive one-year term (at one-third the midterm), a consecutive one-year term for the great bodily injury enhancement, and it imposed and stayed a consecutive

---

[3] In accordance with the plea agreement, the counts of attempted murder (§§ 664, 187), attempted robbery (§§ 664, 211), and participation in a criminal street gang (§ 186.22, subd. (a)) were dismissed with a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754), as were the alleged enhancements for personal use of a deadly weapon (§ 12022, subd. (b)(1)).

4

10-year term for the criminal street gang enhancement. Appellant was sentenced to a consecutive eight-month term for the vehicle theft count. Notice of appeal was timely filed, but appellant did not obtain a certificate of probable cause. We affirmed the judgment. (*People v. Arias*, *supra*, A119662).)

In September 2018, the Secretary recommended recall of appellant's sentence under section 1170, subdivision (d), noting a possible sentencing error under *Gonzalez,* based upon the simultaneous imposition of criminal street gang and great bodily injury enhancements.[4] The court recalled appellant's sentence and ordered briefing.

At appellant's December 17, 2018 resentencing hearing, the prosecutor argued that the sole issue to be addressed under *Gonzalez* was the imposition of the great bodily injury enhancements. She indicated it would be possible to apply *Gonzalez* and still achieve the substance of the negotiated disposition by adjusting the terms attached to each count. Defense counsel proposed that appellant be resentenced to 15 years after staying the second gang enhancement. Counsel argued that appellant's act of stabbing two people had occurred during a continuous gang fight, and thus imposing two gang enhancements would amount to double punishment under section 654.[5] The prosecutor countered that appellant was asking the court to "expand"

---

[4] The *Gonzalez* court concluded that the trial court in that case had erred in imposing enhancements under both section 12022.7, subdivision (a) and section 186.22, subdivision (b)(1)(C) for felony assault because both enhancements punished the infliction of great bodily injury on the same victim in the commission of a single offense, in violation of section 1170.1, subdivision (g). (*Gonzalez, supra*, 178 Cal.App.4th at pp. 1331–1332.)

[5] Section 654 precludes multiple punishments for a single act or indivisible course of conduct. (*People v. Miller* (1977) 18 Cal.3d 873, 885.)

*Gonzalez* to revisit the gang enhancement, arguing the court should not do so because the present case involved separate victims and separate crimes.

The trial court stayed the terms on the great bodily injury enhancements as required under *Gonzalez* and imposed gang enhancements on counts three and four. The gang enhancement on the subordinate assault count was calculated at one-third of the maximum, resulting in a term of three years four months. After adjusting the vehicle theft count upward from eight months to two years, the court resentenced appellant to a total prison term of 18 years four months—four months less than the previous sentence. This appeal followed.

## II. DISCUSSION

Appellant does not challenge the trial court's application of *Gonzalez* to stay the three-year great bodily injury enhancement in each assault count. He instead contends that, pursuant to section 654, he cannot be punished with multiple gang enhancements because he acted with a single intent to benefit his gang when he committed the assaults.

### A.    *Appellant's Claim is Cognizable on Appeal*

Before reaching the merits of the appeal, we first address the Attorney General's contention that appellant is precluded from challenging his sentence by California Rules of Court, rule 4.412(b) (rule 4.412(b)) and *People v. Hester* (2000) 22 Cal.4th 290 (*Hester*). Rule 4.412(b) states as follows: "By agreeing to a specified term in prison or county jail . . ., a defendant who is sentenced to that term or a shorter one abandons any claim that a component of the sentence violates section 654's prohibition of double punishment, unless that claim is asserted at the time the agreement is recited on the record." The Attorney General argues that appellant abandoned any claim of double punishment because he did not raise it on the record at the time he

6

agreed to a specified sentence pursuant to his plea. We find these authorities inapplicable.

In *Hester,* the defendant sought to raise a section 654 multiple-punishment claim on appeal after entering a guilty plea. The plea agreement required him to serve a four-year term on a burglary count, with a concurrent three-year term for felony assault. (*Hester*, *supra*, 22 Cal.4th at p. 293.) On appeal, he argued that the assault term should have been stayed under section 654. (*Hester*, at p. 294.) In finding no error, the high court noted that the defendant had bargained for a four-year term, received that term at the time of sentencing, and he "did not raise a section 654 objection to any possible concurrent terms 'at the time the agreement [was] recited on the record,' namely, at the change of plea hearing. Therefore, he abandoned 'any claim that a component of the sentence violates section 654's prohibition of double punishment.' " (*Hester,* at p. 296, quoting from rule 4.412(b).)

The Attorney General overlooks the fact that appellant is not challenging the original sentence he had received pursuant to his plea agreement in 2007. He is challenging the sentence he received *after* the trial court recalled his case for resentencing pursuant to section 1170, subdivision (d)(1).[6] When the trial court exercises its discretion to recall a sentence

---

[6] Section 1170, subdivision (d)(1) provides in relevant part: "When a defendant . . . has been sentenced to be imprisoned in the state prison . . . , the court may . . . at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. . . . The court resentencing under this paragraph may reduce a defendant's term of imprisonment and modify the judgment, including a judgment entered after a plea agreement, if it is in the interest of justice. The court may consider postconviction factors, including, but not limited to, the inmate's

7

pursuant to section 1170, subdivision (d)(1), the prior sentence and order of commitment is effectively "vacated" and the court is empowered "to 'resentence . . . *in the same manner as if [the defendant] had not previously been sentenced.*' " (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 456; see *In re Acker* (1984) 158 Cal.App.3d 888, 891 ["A prison sentence recalled pursuant to section 1170, subdivision (d) is vacated for all intents and purposes, not completed."].) In *Dix*, our high court held that section 1170, subdivision (d), permits recall and resentencing "for any reason which could influence sentencing generally, even if the reason arose after the original commitment." (*Dix*, at p. 463 [defendant's postconviction willingness to cooperate in another prosecution was a permissible basis for resentencing].)

Appellant's sentence was recalled to address a potential sentencing error highlighted in *Gonzalez*, an opinion by the Second District Court of Appeal that issued after appellant's original sentence and commitment. Postconviction changes in law or clarifications of the law are permissible grounds by which a trial court may recall a sentence and resentence to a lower term "in the interest of justice." (§ 1170, subd. (d)(1); see *Dix*, *supra*, 53 Cal.3d at p. 463.) Here, the recall of appellant's sentence effectively vacated his original sentence and commitment. In its place, a new sentence was imposed under section 1170, subdivision (d)(1), not under an "agree[ment] to a specified term [of years] in prison or county jail . . . ." (Rule

---

disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice.

4.412(b).)  Under the circumstances, we conclude that rule 4.412(b) does not bar appellant's appeal.

Left unresolved is whether appellant may challenge his modified sentence on appeal.  "The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute."  (*People v. Loper* (2015) 60 Cal.4th 1155, 1159 (*Loper*).)  Section 1237, subdivision (a), provides that a criminal defendant may appeal "from a final judgment of conviction" and clarifies that "[a] sentence . . . shall be deemed to be a final judgment within the meaning of this section."  Because appellant does not challenge his no contest plea and instead attacks aspects of his modified sentence, it could be argued that his judgment of conviction is unaffected by his appeal, and the trial court's modified sentence is a postjudgment order.  However, the plain language of section 1170, subdivision (d)(1) leads us to conclude that a newly imposed sentence under this provision constitutes an appealable final judgment of conviction.

Section 1170, subdivision (d)(1) provides that the "court resentencing under this paragraph may reduce a defendant's term of imprisonment and *modify the judgment, including a judgment entered after a plea agreement*, if it is in the interest of justice."  (Italics added.)  Subdivision (d)(1) further provides that the trial court may "resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence."  (§ 1170, subd. (d)(1); see *Dix*, *supra*, 53 Cal.3d at p. 463 [the trial court may "impose any new sentence that would be permissible under the Determinate Sentencing Act [as] if the resentence were the original sentence."].)  Just as an original sentence is appealable as a "final judgment of conviction" under section 1237,

subdivision (a), so too is the imposition of sentence under the recall and resentencing provision of section 1170, subdivision (d)(1).[7]

The Attorney General also contends that appellant's failure to obtain a certificate of probable cause is fatal to his appeal because the sentence was part of his plea agreement, citing section 1237.5. Section 1237.5 provides in relevant part: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere . . . except where . . . [¶] . . . [¶] [t]he trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court." As explained above, however, the sentence from which appellant has taken an appeal arose under section 1170, subdivision (d), not his earlier—now vacated—sentence entered under the negotiated plea. Because the present appeal does not challenge the validity or terms of the prior plea agreement, section 1237.5 is not a bar to his appeal. (See *People v. Buttram* (2003) 30 Cal.4th 773, 781–782 [" [T]he critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5."].)

---

[7] Even if we construed the trial court's modified sentence as a postjudgment order, such order would be appealable under section 1237, subdivision (b): "An appeal may be taken by the defendant from . . . [¶]. . . [¶] . . . any order made after judgment, affecting the substantial rights of the party." (See *Loper, supra*, 60 Cal.4th at pp. 1161–1162 & fn. 3 [denial of request for resentencing under compassionate release statute (§ 1170, subd. (e)) was appealable by prisoner under § 1237, subd. (b) because the order "implicates a prisoner's substantial interest in personal liberty"]; *Teal v. Superior Court* (2014) 60 Cal.4th 595, 600–601 [denial of petition for recall of sentence and resentencing under § 1170.126 (Three Strikes Reform Act of 2002) is appealable under § 1237, subd. (b).) The resentencing order here necessarily implicates appellant's interest in his personal liberty and, therefore, his "substantial rights" for purposes of allowing a postjudgment appeal under section 1237, subdivision (b).

Equally important, trial courts are not bound by the terms of an earlier plea agreement when resentencing under section 1170, subdivision (d)(1). (See § 1170, subd. (d)(1) ["The court resentencing under this paragraph may reduce a defendant's term of imprisonment and modify the judgment, *including a judgment entered after a plea agreement*, if it is in the interest of justice" (italics added).].)  Indeed, section 1170, subdivision (d)(1) expressly contemplates that the trial court may take into account postconviction factors such as a prisoner's record of rehabilitation, age, diminished physical condition, or other factors suggesting that the prisoner's term of imprisonment should be reduced or "the inmate's continued incarceration is no longer in the interest of justice."  (*Ibid.*)  Such considerations would prove meaningless if the trial court were constrained by the dictates of an earlier plea agreement.

Not only was the trial court below not required to follow the terms of the earlier plea agreement, it could not do so without reimposing an unauthorized sentence under *Gonzalez*.  Instead, the trial court exercised its discretion to resentence appellant in a manner that approximated his earlier sentence length, by staying both great bodily injury enhancements, imposing both criminal street gang enhancements, and adjusting upward his vehicle theft conviction.  (See *People v. Garner* (2016) 244 Cal.App.4th 1113, 1118 ["When a sentence is subject to 'recall' under section 1170, subdivision (d), the entire sentence may be reconsidered."].)  Because the modified sentence differed from the previous one in material respects, it cannot seriously be argued that this appeal is in substance an attack on the plea agreement itself.  Where the Legislature has established a resentencing process that expressly authorizes the trial courts to modify a "judgment entered after a plea agreement," we conclude that an appeal from such sentence does not

11

require the defendant to obtain a certificate of probable cause. Appellant's claim is therefore reviewable on appeal.

## B. *Appellant's Sentence Does Not Violate Section 654*

Appellant concedes that section 654 does not preclude separate punishment for the two counts of assault with a deadly weapon against two separate victims. He asserts, however, that the court was barred from applying a separate gang enhancement on each of the two assault counts because the assaults constituted a "single episode of gang related violence" and a single intent to promote his criminal street gang. His argument misses the mark.

"Whether section 654 applies to the facts in a given case is one of fact for the trial court to decide, and such findings will be upheld on appeal if there is any substantial evidence to support them. [Citations.] We review the trial court's findings ' "in a light most favorable to the respondent and presume in support of the [sentencing] order the existence of every fact the trier could reasonably deduce from the evidence." ' " (*People v. Atencio* (2012) 208 Cal.App.4th 1239, 1242–1243.)

Under section 654, "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a).) "Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." (*Neal v. State of California* (1960) 55 Cal.2d 11, 19, disapproved on another ground in *People v. Correa* (2012) 54 Cal.4th 331, 334

(*Correa*).) "On the other hand, if the evidence discloses that a defendant entertained multiple criminal objectives which were independent of and not merely incidental to each other, he may be punished for the independent violations committed in pursuit of each objective even though the violations were parts of an otherwise indivisible course of conduct." (*People v. Perez* (1979) 23 Cal.3d 545, 551 (*Perez*).)

The parties dispute whether section 654's prohibition against double punishment applies as a matter of law to the imposition of section 186.22, subdivision (b) gang enhancements, and whether appellant's actions constituted an indivisible course of conduct with a single intent or separate acts against separate victims. We need not resolve these questions because appellant's claim is barred under the judicially created exception for cases involving multiple victims of violent crime.

Section 654 does not bar separate punishments for crimes of violence committed against multiple victims. (*Correa, supra,* 54 Cal.4th at p. 343.) The basis for this exception is that "[a] defendant who commits an act of violence with the intent to harm more than one person or by a means likely to cause harm to several persons is more culpable than a defendant who harms only one person." (*People v. Oates* (2004) 32 Cal.4th 1048, 1063.) The multiple victim exception applies to a single act of violence committed against multiple victims, even when the defendant harbored the same intent and objective in committing the offenses. (*Id.* at pp. 1063–1064.) Assault with a deadly weapon is a violent crime. (*People v. Hall* (2000) 83 Cal.App.4th 1084, 1089–1090.) Thus, even if we agreed with appellant that he was acting with a single objective when he stabbed Packnett and Hopkins in rapid succession, section 654 is not a bar to the imposition of multiple punishments for his violent act.

*People v. Akins* (1997) 56 Cal.App.4th 331 (*Akins*) is instructive. The defendant participated in multiple robberies and assaults against different victims over the course of one night. A jury convicted on all charges and found that the defendant had participated in these offenses to benefit a criminal street gang. The trial court imposed section 186.22, subdivision (b)(1) gang enhancements on each of two residential robbery counts. (*Akins*, at p. 334 & fns. 4, 5.) The defendant asserted error in the imposition of two criminal street gang enhancements under section 654, arguing that the robberies were part of a continuous course of conduct with a single intent to benefit the street gang. (*Id.* at pp. 337–338.)

The *Akins* court held that when two underlying offenses are separately punishable, section 654 does not preclude separate gang enhancements pursuant to section 186.22, subdivision (b)(1) for each such offense: "Since the underlying offenses, robbery and assault, were not subject to section 654 because [there is] evidence that defendant's criminal intent was multiple, the two gang enhancements pursuant to section 186.22, subdivision (b)(1) are also not subject to section 654." (*Akins*, *supra*, 56 Cal.App.4th at p. 340.) It additionally observed that section 654 does not preclude separate punishment for crimes of violence against separate victims. (*Akins*, at pp. 339–340.) The court concluded that section 654 was not applicable to the defendant, and thus separate gang enhancements were properly applied to each separate offense despite a common objective to benefit the gang. (*Akins,* at pp. 340–341.)

Appellant seeks to distinguish *Akins* by noting that the crimes of violence in that case were committed several hours apart and in different locations, and the court found evidence of multiple criminal intents. However, while not expressly naming the multiple victim exception, the

*Akins* court made clear that the result would have been the same had the violent crimes taken place in a single episode when it pointed out that "[m]ultiple acts of violence committed against separate victims may be separately punished, even when they are for the same intent and during the same transaction." (*Akins, supra,* 56 Cal.App.4th at pp. 340–341, citing *Perez, supra,* 23 Cal.3d at p. 553.)

We conclude that section 654 provides no legal basis to stay the section 186.22, subdivision (b)(1)(C) enhancement with respect to the second assault with a deadly weapon count (count four).[8]

## DISPOSITION

The judgment is affirmed.

---

[8] Finally, we reject appellant's comparison to *People v. Mesa* (2012) 54 Cal.4th 191, 197–198, in which the Supreme Court held that section 654 prohibits punishment for both the crime of participation in a criminal street gang (§ 186.22, subd. (a)) and assault with a firearm when both offenses are based upon shooting the victim. As neither the gang enhancement under section 186.22, subdivision (b)(1), nor the multiple victim exception to section 654, was at issue in *Mesa*, there is simply no analogy to be drawn.

_____
Sanchez, J.

WE CONCUR:


_____
Margulies, Acting P.J.


_____
Banke, J.


_A156360  People v. Arias_

16

Trial Court:        Sonoma County Superior Court

Trial Judge:        Hon. Rene A. Chouteau

Counsel:

Sandra Gillies, under appointment by the Court of Appeal, for Defendant and Appellant

Xavier Becerra, Attorney General, Lance E. Winters and Jeffrey M. Laurence, Assistant Attorneys General, Donna M. Provenzano and Cristina vom Sol, Deputy Attorneys General, for Plaintiff and Respondent

*A156360  People v. Arias*